ADAIR ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* WOZNIAK;
MONTEITH ET AL., APPELLANTS AND CROSS-APPELLEES.

[Cite as Adair *v.* Wozniak (1986), 23 Ohio St. 3d 174.]

(No. 85-1090—Decided April 30, 1986.)

*Roderick, Myers & Linton, Robert F. Linton, Deborah L. Cook* and *Lawrence R. Bach,* for appellees and cross-appellants, Harold Adair, Jon and Judy I. Houk, Clifford and Elaine Houk and Sylvester and Henrietta Houk.

*Roetzel & Andress, David M. Best* and *Jeffrey J. Casto,* for appellant and cross-appellee William Monteith.

*Brouse & McDowell, John W. Solomon* and *Clair E. Dickinson,* for appellant and cross-appellee First National Bank.

WRIGHT, J.  The issue to be decided is whether the wrongful acts of third parties directed towards the corporation which injure the shareholders by impairing the capital position of the corporation give an individual right of action to the shareholders. It is well-settled that only a corporation and not its shareholders can complain of an injury sustained by, or a wrong done to, the corporation. *United States* v. *Palmer* (C.A. 5, 1978), 578 F. 2d 144, 145-146; *Mendenhall* v. *Fleming Co.* (C.A. 5, 1974), 504 F. 2d 879, 881; *Martens* v. *Barrett* (C.A. 5, 1957), 245 F. 2d 844, 846. However, this general principle has no application where the wrongful acts are not only against the corporation but are also violations of a duty arising from contract or otherwise owed directly by the wrongdoer to the shareholder. A suit brought by a shareholder on a personal claim is distinguishable from a proceeding to recover damages or other relief for the corporation. Not every allegation of wrongdoing is a sufficient charge of individual injury, but a court must preliminarily determine if the pleadings state injury to the plaintiff upon an individual claim as distinguished from an injury which indirectly affects the shareholders or affects them as a whole.

In the instant case the gravamen of plaintiffs' complaint is that defendants tortiously depleted the assets of Houk Machine. Plaintiffs' alleged

injuries include reduction in income, the loss and diminution in the value of their stock, the accumulation of personal debt and liabilities from Houk Machine's business decline, and mental anguish. Viewed in the light most favorable to plaintiffs their second amended complaint alleges injuries as a consequence of their positions as shareholders rather than individual claims they might have apart from their status as shareholders. To the extent defendants are liable for the loss of corporate assets, that liability runs to the corporation and not its individual shareholders.[1] Plaintiffs Houk contend that their personal liability on corporate obligations constitutes an injury distinct from that suffered by other shareholders. However, the loans guaranteed by the Houks are unrelated to the sale and lease-back transaction upon which they base an action for fraud. Plaintiffs do not allege that they transacted business with the defendants in their individual capacities.

The circumstances of the instant case are clearly distinguishable from those in *Buschmann* v. *Professional Men's Assn., supra,* in which the plaintiff acquired standing to maintain a cause of action for breach of contract, independent of any cause his corporation might have, because of the existence of a separate contract between himself and the defendant corporation. The instant case is also distinguishable from *Sacks* v. *American Fletcher Natl. Bank & Trust Co., supra,* in which the plaintiff brought a personal cause of action based on a loan to the corporation for which he gave a personal guaranty. In both cases the harm that the plaintiffs alleged was different in kind than that suffered by the corporations and arose from the plaintiffs' direct contractual relationship with the defendants. In contrast to *Buschmann* and *Sacks,* the injuries allegedly suffered by plaintiffs are not based on any independent contractual relationship plaintiffs had with defendants.

No authority has been cited or found to support the position that the wrongful acts of third parties which impair the capital position of the corporation, to the indirect injury of the shareholders as a whole, give the shareholders an individual right of action for damages. On the contrary, the overwhelming weight of authority holds that wrongful actions by third parties impairing the capital position of the corporation give no right of action to the shareholders as individuals for damages where there is no violation of duty owed directly to the shareholders. See *In re Knight* (1965), 60 Ill. App. 2d 457, 460-461, 208 N.E. 2d 679; *Shaffer* v. *Universal Rundle Corp.* (C.A. 5, 1968), 397 F. 2d 893, 896; *Continental Illinois Natl. Bank & Trust Co. of Chicago* v. *Stanley* (N.D. Ill. 1984), 585 F. Supp. 1385, 1388; *Mendenhall* v. *Flemming Co., supra,* at 881; *ITT Diversified Credit Corp.* v. *Kimmel* (N.D. Ill. 1981), 508 F. Supp. 140, 144; *United States* v. *Palmer, supra,* at 145-146; *Sacks* v. *American Fletcher Natl. Bank & Trust Co.,*

---

[1] Incidental damages such as mental anguish and loss of future compensation have never been held as collectable by officers of a bankrupt corporation.

*supra,* at 811; *Empire Life Ins. Co. of America* v. *Valdak Corp.* (C.A. 5, 1972), 468 F. 2d 330, 335; *Zokoych* v. *Spalding* (1976), 36 Ill. App. 3d 654, 663, 344 N.E. 2d 805, 813; *Eden* v. *Miller* (C.A. 2, 1930), 37 F. 2d 8.

Where the defendant's wrongdoing has caused direct damage to corporate worth, the cause of action accrues to the corporation, not to the shareholders,[2] even though in an economic sense real harm may well be sustained by the shareholders as a result of reduced earnings, diminution in the value of ownership, or accumulation of personal debt and liabilities from the company's financial decline. The personal loss and liability sustained by the shareholder is both duplicative and indirect to the corporation's right of action. See *Martens* v. *Barrett, supra; Peter* v. *Western Newspaper Union* (C.A. 5, 1953), 200 F. 2d 867, 873.

Although this is a case of first impression, we accept and follow the widely recognized rule that a plaintiff-shareholder does not have an independent cause of action where there is no showing that he has been injured in any capacity other than in common with all other shareholders as a consequence of the wrongful actions of a third party directed towards the corporation.

For the reasons stated herein, the judgment of the court of appeals is reversed in part as to plaintiffs Houk and affirmed in part as to plaintiff Adair.[3]

*Judgment reversed in part
and affirmed in part.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

DOUGLAS, J., dissents.

DOUGLAS, J., dissenting. I respectfully dissent. In affirming the judgment of the trial court as to plaintiff Adair and reversing and remanding as to the other plaintiffs, the court of appeals, in a succinct, well-reasoned decision, stated, in part:

"In general a shareholder cannot sue for injuries to his corporation.

---

[2] Furthermore, in a suit pending before the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, a counterclaim was filed against plaintiffs herein by Houk Machine based on the same transaction at issue in this case. (*In re Houk Machine Co.,* Nos. 582-1512 and 583-0135.)

[3] Because Wozniak, an accountant for Houk Machine, did not appeal from the court of appeals' adverse judgment against him, we specifically do not decide any question of law as pertains to the cause against him. We note that we have previously held in *Haddon View Investment Co.* v. *Coopers & Lybrand* (1982), 70 Ohio St. 2d 154 [24 O.O.3d 268], that an accountant may be held liable for negligence in the execution of professional services to a third party whose reliance on the accountant's representation is specifically foreseen.

However, there are two major, often overlapping, exceptions to this general rule: (1) where there is a special duty, such as a contractual duty, between the wrongdoer and shareholder, and (2) where the shareholder suffered an injury separate and distinct from that suffered by other shareholders. 12(B) Fletcher Cyclopedia of the Law of Private Corporations (1984) 421, Section 5911. Although the defendants argue that both of these elements are necessary to justify an individual action, the existence of either one will suffice. *Fletcher, supra,* Section 5921; *Norman* v. *Nichiro Gyogyo Kaisha, LTD* (Alaska 1982), 645 P. 2d 191. A personal guaranty for a loan to a corporation can be a basis for a personal cause of action by a stockholder. *Sacks* v. *American Fletcher National Bank & T. Co.* (1972), 258 Ind. 189, 279 N.E. 2d 807; *Buschmann* v. *Professional Men's Assoc.* (1969), 405 F. 2d 659; *Fletcher, supra,* Section 5916. Therefore, the Houks as loan guarantors have standing to sue.

"Plaintiff Harold Adair, however, does not have standing to sue. Unlike the other plaintiffs, he has not guaranteed loans for the corporation. The injuries that he suffered were suffered in common by all shareholders and employees. His remedy lies through a Houk Co. claim against the defendants. Thus, summary judgment was proper as to his claim."

It is my judgment that the unanimous court of appeals has properly set forth the applicable law and has done so in verbiage that cannot be improved upon. Thus, I would affirm the decision of the court of appeals in all respects and, accordingly, I dissent herein.