HERSHMAN'S, INC. et al., Appellants,

v.

SACHS–DOLMAR DIVISION of Fichtel and Sachs Industries, Inc., Appellee.

[Cite as *Hershman's, Inc. v. Sachs–Dolmar Div.* (1993), 89 Ohio App.3d 74.]

Court of Appeals of Ohio,
Wayne County.

No. 2774.

Decided July 28, 1993.

*William G. Rickett,* for appellants.

*J. Douglas Drushal* and *David J. Wigham,* for appellee.

---

REECE, Judge.

Hershman's, Inc., an Ohio corporation located in Rittman, Ohio, is a wholesaler of lawn, garden and forestry products. Charles T. ("Tim") Hershman is the corporation's president and chief executive officer. Tim's spouse, Linda Hershman, is the corporation's secretary and his parents, Charles O. and Elda Hershman, are shareholders. On September 13, 1991, the Hershmans commenced this lawsuit, both in their individual capacities and on behalf of the corporation, against the defendant-appellee, Sachs–Dolmar Division. Sachs–Dolmar, a division of Fichtel & Sachs Industries, Inc., a New York Corporation, manufactures chain saws, line trimmers and brush cutters.

Hershman's began distributing Sachs–Dolmar's products in July 1987. Pursuant to a "Distributor Security Agreement" executed by the two corporations, Sachs–Dolmar held a security interest in both Hershman's, Inc.'s inventory of its products and all proceeds from the sale thereof. By March 1989, Hershman's was delinquent in its payment of $246,960.05 owed to Sachs–Dolmar. Additionally, this debt was "out of trust" per the terms of the security agreement, meaning that the amount owed Sachs–Dolmar exceeded the combined value of Hershman's, Inc.'s inventory and the accounts receivable attributable to the sale of Sachs–Dolmar products.

In March 1989, Sachs–Dolmar agreed to forbear collection of Hershman's, Inc.'s debt and execution against its security. In exchange, Hershman's promised to pay at least $79,004.35 by June 10, 1989, and agreed to provide Sachs–Dolmar with ongoing reports detailing its inventory and outstanding accounts. These terms were memorialized in a letter from Sachs–Dolmar to Hershman's dated March 30, 1989. So that the corporation could meet its payment obligations Tim and Linda Hershman, between April and July 1989, took out two personal loans totalling $95,000. This money was lent to the corporation, of which $57,000 was paid to Sachs–Dolmar.

In September 1989, Sachs–Dolmar notified Hershman's that its debt could no longer exceed the value of its inventory. Initially, Hershman's was given until December 31, 1989, to pay approximately $105,000 to bring its account with Sachs–Dolmar current. In January 1990, Sachs–Dolmar terminated the distributor agreement and initiated a lawsuit to collect $203,557.18 it claimed was owed by Hershman's. Thereafter, the corporations reached a settlement and an agreed judgment entry was filed by the court on March 28, 1990. Per the terms

of the settlement, Hershman's agreed to pay Sachs–Dolmar $3,000 and return all inventory in exchange for dismissing the lawsuit. As a result, Sachs–Dolmar forgave over $114,000 of the debt owed by Hershman's.

In the present lawsuit the Hershmans, both individually and on behalf of the corporation, contend that Sachs–Dolmar breached its March 1989 agreement to continue the distributor agreement and forbear any collection efforts. On November 18, 1992, the court granted Sachs–Dolmar's motion for summary judgment. In its judgment entry the court held that Hershman's, Inc., in failing to raise its claim against Sachs–Dolmar as a counterclaim in the prior lawsuit between the corporations, was barred by Civ.R. 13(A) from bringing this action. As to the Hershmans personally, the court found that they lack standing to sue Sachs–Dolmar in their individual capacities. It is from this decision that the Hershmans and the corporation appeal, asserting two assignments of error.

## Assignment of Error No. II

"The trial court erred as a matter of law, by holding that the individual appellants were barred from asserting their claims against appellee based upon their status as shareholders in the appellant corporation."

■ As a general rule shareholders may not bring an action against a third party whose acts have impaired the capital position of the corporation. Even though such injury may affect the value of the corporation's stock, "only a corporation and not its shareholders can complain of an injury sustained by, or a wrong done to, the corporation." *Adair v. Wozniak* (1986), 23 Ohio St.3d 174, 176, 23 OBR 339, 341, 492 N.E.2d 426, 427.

Exceptions to this general rule have been recognized "(1) where there is a special duty, such as a contractual duty, between the wrongdoer and the shareholder, and (2) where the shareholder suffered an injury separate and distinct from that suffered by other shareholders." 12(B) Fletcher, Cyclopedia of the Law of Private Corporations (1993) 484, Section 5911. The Hershmans argue that at minimum Tim's and Linda's personal loans to the corporation constitute a "separate and distinct injury." They point out that courts have allowed personal actions by stockholders who have suffered individual injuries arising from personal loan guarantees to a corporation. See *Sacks v. Am. Fletcher Natl. Bank & Trust Co.* (1972), 258 Ind. 189, 279 N.E.2d 807; *Buschmann v. Professional Men's Assn.* (C.A.7 1969), 405 F.2d 659.

■ While we agree with the Hershmans' proposition of law, we find their reliance on these cases misplaced. As the court in *Adair*, 23 Ohio St.3d at 177, 23 OBR at 341, 492 N.E.2d at 428, stated:

" * * * In both cases [*Sacks* and *Buschmann, supra*], the harm that the plaintiffs alleged was different in kind than that suffered by the corporations and arose from the plaintiffs' *direct contractual relationship* with the defendants. In contrast to *Buschmann* and *Sacks,* the injuries allegedly suffered by plaintiffs are not based on any *independent contractual relationship* plaintiffs had with defendants." (Emphasis added.)

In the present case the original distributor agreement was executed on behalf of the two corporations. There is nothing in the record indicating that at any time Sachs–Dolmar dealt with any of the Hershmans in their individual capacities or reasonably expected the Hershmans to use personal funds or incur personal liability to pay the corporation's debt. If any such evidence exists it was incumbent on the Hershmans to present this evidence in response to Sachs–Dolmar's motion for summary judgment, wherein it asserted that it contracted only with Hershman's, Inc. See Civ.R. 56(E); *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 274.

The Hershmans' second assignment of error is overruled.

### Assignment of Error No. I

"The trial court erred as a matter of law, by holding that plaintiffs-appellants were barred from asserting claims against the defendant-appellee because they failed to assert these claims as a counterclaim in a prior lawsuit."

Having determined that the Hershmans had no standing to bring a personal action for Sachs–Dolmar's alleged breach of its agreement with Hershman's, Inc., we next determine whether this action may be maintained by the corporation. In granting summary judgment to Sachs–Dolmar, the court held that Hershman's, Inc. was barred by Civ.R. 13(A) from bringing this action. Civ.R. 13(A) provides in part:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

This rule compels that a counterclaim be raised when (1) the basis of the claim existed at the time the pleading is served, (2) the claim arises out of the same "transaction or occurrence" and (3) the court has personal jurisdiction over any parties necessary to adjudicate the claim. See *Geauga Truck & Implement Co. v. Juskiewicz* (1984), 9 Ohio St.3d 12, 14, 9 OBR 61, 62–63, 457 N.E.2d 827, 828. Of these three requirements Hershman's, Inc. does not challenge that its claim existed in January 1989 when Sachs–Dolmar originally filed suit. Nor does

it contend that the court lacked *in personam* jurisdiction of any necessary party. Therefore, the only issue is whether Hershman's, Inc.'s present claim arises from the "same transaction or occurrence" which gave rise to the former lawsuit by Sachs–Dolmar.

Because the exceptions to compulsory counterclaims under Civ.R. 13(A) adequately safeguard a party, courts have, in the interest of judicial economy, given a broad interpretation to the phrase "transaction or occurrence." 3 Moore, Federal Practice (1992), Paragraph 13.13, at 13–60. Thus, the courts have adopted a "flexible test of reviewing the transaction to determine whether there is any logical relationship between the claim and the counterclaim." *Eastman v. Benchmark Minerals, Inc.* (1986), 34 Ohio App.3d 255, 257, 518 N.E.2d 23, 24.

Applying this test to the present case we conclude that Hershman's, Inc.'s claim is "logically related" to Sachs–Dolmar's previous lawsuit. Hershman's alleges that Sachs–Dolmar breached its March 1989 agreement to maintain Hershman's as a distributor and forbear any attempts to foreclose on its security or collect the debt owed by Hershman's. Under any reasonable interpretation this claim is directly related to Sachs–Dolmar's lawsuit to collect the debt.

Accordingly, pursuant to Civ.R. 13(A), Hershman's, Inc. had to raise its claim as a compulsory counterclaim in the prior lawsuit. Its failure to assert a compulsory counterclaim acts as a bar to the litigation of the counterclaim in a later action. *Quintus v. McClure* (1987), 41 Ohio App.3d 402, 403–404, 536 N.E.2d 22, 23–24.

Appellants' first assignment of error is therefore overruled.

Having overruled each of appellants' assigned errors, we affirm the judgment of the trial court.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.