This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Edward Emerson, appeals from the decision of the Summit County Court of Common Pleas. We affirm.
Emerson Corporation filed a Chapter 11 petition in bankruptcy in 1993. Mr. Emerson was a director, president, and shareholder of the corporation. Bank One, Akron, NA, ("Bank One"), as the pre-petition primary lender, worked with the corporation to create an amended plan of reorganization. The plan, which set up the method by which Bank One was to receive payment on its claims against Emerson Corporation, was confirmed in the Chapter 11 bankruptcy proceeding on December 29, 1994. Despite this arrangement, Bank One and the corporation failed to execute new loan documents reducing the terms and conditions of the confirmed Chapter 11 plan. The Emerson Corporation was ultimately unsuccessful in its attempt to reorganize pursuant to the plan, and, accordingly, the Chapter 11 plan was dismissed in January of 1997.
On March 7, 2000, Mr. Emerson filed a complaint against Bank One. In such complaint, he alleged that Bank One had breached its duty to deal in good faith, with fair dealing, and with honesty in fact with the Emerson Corporation subsequent to the confirmation of the Chapter 11 plan for reorganization. The trial court granted summary judgment in favor of Bank One, holding that Mr. Emerson lacked standing to assert injuries allegedly sustained by the corporation.
Mr. Emerson filed a notice of appeal to this court on May 1, 2001. This appeal followed.
Mr. Emerson asserts one assignment of error:
 THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE PLAINTIFF, EDWARD R. EMERSON, IN SUSTAINING THE MOTION OF THE DEFENDANT BANK ONE OF AKRON FOR SUMMARY JUDGEMENT [sic.].
Mr. Emerson asserts that the trial court erred when it granted the motion for summary judgment in favor of Bank One. Specifically, Mr. Emerson disputes the court's holding that he lacked standing to assert injuries allegedly sustained by the corporation. We disagree.
Generally, where the basis of an action is a wrong to a corporation done by a third party, only the corporation, and not the shareholders, can complain of an injury sustained by, or a wrong done to, the corporation. Adair v. Wozniak (1986), 23 Ohio St.3d 174, 176. A complaining shareholder has a direct action only if he is injured in a way that is separate and distinct from an injury to the corporation.Weston v. Weston Paper Mfg. Co. (1996), 74 Ohio St.3d 377, 379, citingCrosby v. Beam (1989), 47 Ohio St.3d 105, 107. Commentators have recognized such a right:
 A shareholder may sue as an individual where the act complained of creates not only a cause of action in favor of the corporation but also creates a cause of action in favor of the shareholder as an individual, such as where the act is in violation of duties arising from contract or otherwise, and owed to the shareholder directly[.]
12(B) Fletcher, Cyclopedia of the Law of Private Corporations (1993) 519-20, Section 5921. The shareholder may then maintain an action in the shareholder's own right against a third party when the injury resulted from a violation of this "special duty," namely the duty which created a cause of action in favor of the shareholder as an individual; however, a shareholder may bring such an action only when that duty originated from circumstances independent of the shareholder's status as a shareholder.Id., citing Adair, 23 Ohio St.3d 174.
The same logic which applies toward a shareholder's individual claim has also been held to apply to other types of individual actions. The United States Court of Appeals for the Eighth Circuit addressed the issue of when an individual may proceed with a lawsuit in an individual capacity and held that "[s]hareholders, creditors or guarantors of corporations generally may not bring individual actions to recover what they consider their share of the damages suffered by the corporation[.] * * * Recovery is available, naturally, when the defendant owes an individual shareholder, creditor, or guarantor a special duty[.]" (Citations omitted.) Taha v. Engstrand (C.A.8, 1993) 987 F.2d 505, 507; accord Buschmann v. Professional Men's Assn. (C.A.7, 1969), 405 F.2d 659,662.
According to Mr. Emerson, he is entitled to sue as an individual, rather than being confined to action through a shareholder derivative suit, due to the fact that Bank One owes him a special duty as he had a long relationship with Bank One and remains obligated: (1) on a non-dischargeable debt of $63,000, (2) for payment of claims filed in his personal Chapter 11 proceeding, and (3) as a guarantor to Bank One on equipment leases and vehicle loans. These assertions are without merit.
First, Mr. Emerson asserts that Bank One owes him a special duty as he remains personally obligated on a non-dischargeable debt. This debt arose prior to the corporation's petition for bankruptcy and has been the subject of prior litigation. This debt remained despite Mr. Emerson's filing for personal bankruptcy.
Significantly, where corporate worth is directly damaged by a defendant's wrongdoing, the cause of action will apply to the corporation, not the shareholders, despite the fact that "in an economic sense real harm may well be sustained by the shareholders as a result of reduced earnings, diminution in the value of ownership, or accumulationof personal debt and liabilities from the company's financial decline." (Emphasis added.) Adair, 23 Ohio St.3d at 178. An individual's personal loss is both "duplicative and indirect" to the corporation's claim. Id.
Here, Mr. Emerson personally owes on a debt which was non-dischargeable prior to the alleged misconduct of Bank One. Any supposed misconduct of Bank One affected the corporation's ability to reorganize under the Chapter 11 plan, and consequentially, directly damaged the corporation's worth. The alleged misconduct was neither directed at, nor directly affected, Mr. Emerson's obligation to Bank One. As noted in Adair, wrongful actions of a third party which impair a corporation's capital position do not give an individual right of action unless there is a violation of a duty owed directly to the shareholders. Id. at 177. In this situation, the bank did not breach a duty owed directly to Emerson in regard to his obligation on the non-dischargeable debt; therefore, the fact that Mr. Emerson owed on a non-dischargeable debt to Bank One cannot serve as a basis for Mr. Emerson to bring an individual cause of action against Bank One.
Second, Mr. Emerson asserts that Bank One owes him a special duty because he remains obligated for payments of a ten percent dividend on twenty-eight claims filed in his personal bankruptcy proceeding. According to Mr. Emerson, within five months of the filing of the corporate Chapter 11 proceeding, he and his wife filed a personal Chapter 11 proceeding. As Mr. Emerson had personally guaranteed corporate debts, Bank One filed twenty-eight unsecured claims in his personal bankruptcy plan. These claims, however, are not directly related to the alleged misconduct. As previously discussed, a claim based on the accumulation of debt and liabilities from a corporation's financial decline does not give rise to an individual cause of action. Id. at 178. As stated above, Bank One's alleged misconduct caused direct damage to the worth of the corporation. It was neither directed at Mr. Emerson, nor did it directly affect Mr. Emerson's obligations regarding the twenty-eight unsecured claims. As such, we find Bank One did not violate a duty owed directly to Mr. Emerson.
Third, Mr. Emerson contends that his status as a guarantor to Bank One on equipment leases and vehicle loans on behalf of Emerson Corporation inflicted upon him the personalized injury necessary to permit him, as an individual, to bring this cause of action. This status, he contends, resulted in him suffering an injury separate and distinct from injuries that may have been suffered by other shareholders of the corporation.
A personal guarantee for a loan to the corporation may serve as the basis for an individual cause of action by a shareholder. Id. at 177. However, as held in Adair, in order for wrongdoing which injures a shareholder to be individually actionable, the wrongdoing must be closely connected with the guarantee contract on which the shareholder is basing the suit. Id. Specifically, in Adair, the Ohio Supreme Court held that shareholders could not sue as individuals when they were injured from a third party's fraud causing corporate losses, which, in turn, triggered personal guarantees. Id. In upholding summary judgment granted in favor of defendants, the Ohio Supreme Court noted that the loans guaranteed were unrelated to the transaction upon which the action for fraud was based. Id.
In the case at bar, there was no evidence that Bank One breached any duty in regard to Mr. Emerson's personal obligations on the equipment leases and motor vehicle loans. Rather, Mr. Emerson's claims relate to Bank One's actions which allegedly led to the demise of the corporation. As in Adair, the loans and leases guaranteed were unrelated to the alleged misconduct at issue here.
In conclusion, Mr. Emerson cannot use his long history of a lending relationship with Bank One as a basis for an individual suit, unless the bank's actions injured Mr. Emerson in a way that is separate and distinct from the injury to the corporation. Neither an accumulation of personal debt from the demise of his corporation, nor a guarantee unrelated to the bankruptcy reorganization upon which this action is based, is sufficient to create a cause of action in favor of Mr. Emerson as an individual. Accordingly, we conclude that Mr. Emerson does not have standing to bring an individual cause of action for the injuries allegedly sustained by the corporation. Mr. Emerson's assignment is, therefore, overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, J., SLABY, J. CONCUR.