DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from an order of the Lucas County Court of Common Pleas, denying a motion to refer this case to arbitration.
 {¶ 2} In 1986, appellants Brent R. Meldrum, Sr., his brother William R. Meldrum and Arthur Ingraham incorporated Alloy Machine and Metallizing, Inc. Each was an equal shareholder in the company. At the same time, the three entered into a "Close Corporation Agreement" which contained the following provision:
 {¶ 3} "Arbitration
 {¶ 4} "6 02. Any controversy or dispute over which the Shareholders are deadlocked in voting power or any other controversy or dispute arising among the Shareholders or under this Agreement shall be determined by arbitration conducted at Toledo, Ohio, in accordance with the rules of the American Arbitration Association, and judgment on the award rendered by the arbitrators may be entered in any court having jurisdiction thereof."
 {¶ 5} In 1987, Arthur Ingraham withdrew from the company, leaving the Meldrum brothers as equal shareholders. When William Meldrum died in 2000, his widow, appellee Darlene Meldrum, was appointed executrix of his estate.
 {¶ 6} On January 29, 2002, appellee sued appellant Brent Meldrum, Sr., accusing him of breaching his fiduciary duties. The suit sought an accounting and asked for dissolution of the corporation. Appellants responded with a motion to stay the action and compel arbitration pursuant to the close corporation agreement and R.C. 2711.02.
 {¶ 7} While this motion was pending, the court appointed a receiver for the corporation. In his first report, the receiver informed the court that when he went to Alloy's business location, he found its operation closed, its employees gone and its telephone disconnected.
 {¶ 8} Contemporaneously with the filing of the receiver's report, appellee disclosed certain documentary evidence which prompted her to file an "amended and supplemental complaint." Fashioned as a derivative action and adding as defendants numerous relatives of appellant Meldrum, Sr., the amended complaint accused appellants of bleeding Alloy of its cash and assets. It also accused appellants of using these funds to start a competing business, Meldrum Mechanical Services, Inc., whose principal is Meldrum, Sr.'s son, appellant Brent R. Meldrum, Jr. Also named as defendants were Meldrum Mechanical, KeyBank and Cigna Insurance, who appellee alleged abetted the scheme. Shortly after the filing of the amended complaint, the trial court summarily denied appellants' motion for referral to arbitration. From that order, appellants now appeal, citing as error that the court 1) denied the motion without a hearing and 2) denied the motion.
 {¶ 9} In response to appellants' first assignment of error, appellee points out that numerous memoranda and pretrial conferences were devoted to the arbitrability issue. This was sufficient consideration to satisfy any hearing right. Moreover, appellee argues that appellants failed to preserve any error which might result from a lack of a hearing when they did not raise this matter before the trial court.
 {¶ 10} Errors which arise during the course of a proceeding which are not brought to the attention of the court by objection or otherwise are waived and may not be raised on appeal. Stores Realty Co. v.Cleveland (1975), 41 Ohio St.2d 41, 43; Leber v. Smith (1994),70 Ohio St.3d 548, 552. Accordingly, appellants' first assignment of error is not well-taken.
 {¶ 11} With respect to the substantive issue, public policy strongly favors the enforcement of private arbitration agreements.Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708, 711. Nevertheless, a court, in its discretion, may decline to require parties to arbitrate a dispute when one of the parties to an agreement has waived arbitration, Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406,412, or, obviously, where the parties in controversy are different than the parties to the arbitration agreement. ATT Technologies, Inc. v.Comm. Workers of America (1986), 475 U.S. 643, 648.
 {¶ 12} In the trial court, and here, appellee argued that both of these conditions were applicable to this case. First, appellee contends that appellants waived arbitration by participating in this lawsuit. The right to arbitration may be deemed waived by acts inconsistent with preservation of the right to arbitrate. Harsco at 413. However, Harsco
suggests that the request for arbitration is in the nature of an affirmative defense and should not be deemed waived unless the time has passed for raising an affirmative defense or the party requesting arbitration itself invokes the jurisdiction of a court, such as by filing a counterclaim or a third-party complaint without requesting a stay for arbitration. Id. Here, however, appellants moved for the stay prior to filing an answer, so we cannot say appellants acted inconsistently with the preservation of the right.
 {¶ 13} Alternatively, appellee argues that the parties to the arbitration agreement are not before the court. While conceding that the estate is a successor in interest to William Meldrum, appellee insists that once the complaint was amended to be a derivative action it was the corporation which was the real party in interest. It was the corporation's rights, therefore, not William Meldrum's rights for which vindication was sought.[1] Indeed, according to appellee, the receiver of the corporation eventually sought and was granted leave to replace the estate as plaintiff in this matter. Since the corporation was not a party to the agreement which contained the arbitration clause, appellee contends, it is not a party upon whom arbitration may be imposed.
 {¶ 14} The substitute of the receiver as plaintiff in this matter is not before us. If this occurred, it happened after the notice of appeal was filed and was never made part of the record before us. While such a substitution enhances appellee's argument that it is the corporation, rather than appellee, whose interests are at issue, we do not believe it is dispositive.
 {¶ 15} It is axiomatic that corporations are entities separate and apart from their shareholders. A derivative action is a suit on behalf of the corporation for injuries sustained by or wrongs done to the corporation. Boedeker v. Rogers (2000), 140 Ohio App.3d 11, 21. Although shareholders may simultaneously bring direct and derivative actions, a direct action does not lie for injuries sustained only by the corporation and a derivative action does not lie when the injury to the shareholders is direct. Id. See e.g. Adair v. Wozniak (1986),23 Ohio St.3d 174.
 {¶ 16} The amended complaint in this matter is captioned as a derivative action and 15 of the 16 counts[2] in the complaint go to allegations of misconduct which, if proven, demonstrate an intent by appellants to eviscerate the economic viability of the corporation. The corporation is consequently the appropriate entity to prosecute this lawsuit. Although the corporation was the subject of the close corporation agreement which contained the arbitration provision, the agreement was between the brothers Meldrum in their individual capacities. The corporation, therefore, was not a signatory to the agreement and is, therefore, not bound by it. Consequently, the trial court did not err when it denied appellant's motion for a stay and referral to arbitration. Accordingly, appellants' second assignment of error is not well-taken.
 {¶ 17} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.
[1] 15 of the 16 counts in the complaint seek redress for the corporation for appellee's alleged pilfering of its assets. The remaining count is on a promissory note between William and Brent Meldrum, Sr., which, on its face, makes no reference to the corporation.
[2] The remaining count is clearly outside the close corporation agreement.