JOURNAL ENTRY and OPINION.
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Plaintiff-appellant William H. Maloof ("Maloof") appeals the trial court's decision granting defendants-appellees George R. Barry ("Barry") and his law firm, Squire, Sanders Dempsey's ("Squire, Sanders") motion to dismiss. Finding no merit to the appeal, the judgment is affirmed.
 {¶ 3} Maloof sued Barry and Squire, Sanders alleging they committed legal malpractice in their representation of Maloof's corporation, Level Propane Gases, Inc. ("Level Propane"). In his complaint, Maloof alleged that Barry and Squire, Sanders gave him bad advice on consumer law which caused Level Propane to violate the Ohio Consumer Sales Practices Act as well as consumer laws in other states. As a result, Maloof claimed Level Propane was sued by customers and attorneys general in fourteen states.
 {¶ 4} Maloof further alleged that Level Propane and other companies he owned were forced into bankruptcy by creditors who sought to enforce personal guarantees signed by Maloof for loans to Level Propane and Maloof's other companies. Thus, Maloof claimed that Barry and Squire, Sanders' "failure to exercise that duty of care required of attorneys undertaking representation of corporate clients in the propane business" caused the loss of his business. Finally, he asserted there was a total of $15 million in judgments against him personally as a result of Barry and Squire, Sanders's bad advice.
 {¶ 5} Barry and Squire, Sanders moved to dismiss Maloof's complaint for failure to state a claim pursuant to Civ.R. 12(B)(6), arguing that Maloof did not have standing to raise a claim of legal malpractice against his corporation's counsel. The trial court agreed and dismissed the case. This appeal followed.
 {¶ 6} In his sole assignment of error, Maloof argues the trial court erred in granting the defendants' motion to dismiss for failure to state a claim. He maintains that he has standing to sue Level Propane's lawyers personally because judgments were entered against him based on personal guarantees he signed for Level Propane. He also claims he has standing to sue Level Propane's lawyers because they knew he signed personal guarantees on behalf of Level Propane when they were advising him on consumer laws and because he was Level Propane's sole shareholder. In other words, he claims he has standing to sue Level Propane's lawyers because he was personally harmed as a result of Barry and Squire, Sanders' malpractice.
 {¶ 7} In Adair v. Wozniak (1986), 23 Ohio St.3d 174, the Ohio Supreme Court held:
"Where the defendant's wrongdoing has caused direct damage to corporateworth, the cause of action accrues to the corporation, not to theshareholders, * * * even though in an economic sense real harm may wellbe sustained by the shareholders as a result of reduced earnings,diminution in the value of ownership, or accumulation of personal debtand liabilities from the company's financial decline. The personal lossand liability sustained by the shareholder is both duplicative andindirect to the corporation's right of action." Id. (Emphasis added.)
 {¶ 8} In the same vein, the court held in Emerson v. Bank One, Summit App. No. 20555, 2001-Ohio-1765:
"A shareholder may sue as an individual where the act complained ofcreates not only a cause of action in favor of the corporation but alsocreates a cause of action in favor of the shareholder as an individual,such as where the act is in violation of duties arising from contract orotherwise, and owed to the shareholder directly." Id., citing 12(B) Fletcher, Cyclopedia of Law of Private Corporations (1993), 519-20, Section 5921 (Emphasis added).
 {¶ 9} In contrast, Maloof relies on Sacks v. American FletcherNational Bank Trust Co. (1972), 258 Ind. 189, and Buschmann v.Professional Men's Assn. (C.A. 7, 1969), 405 F.2d 659,[1] for the proposition that he has standing to sue Barry and Squire, Sanders because he was personally harmed as a result of Level Propane's bankruptcy. However, for the same reasons described by the Adair court, Sacks andBuschmann are distinguishable from the instant case. The Adair court stated:
"The circumstances of the instant case are clearly distinguishable fromthose in Buschmann v. Professional Men's Assn., supra, in which theplaintiff acquired standing to maintain a cause of action for breach ofcontract, independent of any cause his corporation might have, because ofthe existence of a separate contract between himself and the defendantcorporation. The instant case is also distinguishable from Sacks v.American Fletcher Natl. Bank Trust Co., supra, in which theplaintiff brought a personal cause of action based on a loan to thecorporation for which he gave a personal guaranty. In both cases the harmthat the plaintiffs alleged was different in kind than that suffered bythe corporations and arose from the plaintiffs' direct contractualrelationship with the defendants. In contrast to Buschmann and Sacks, theinjuries allegedly suffered by plaintiffs are not based on anyindependent contractual relationship plaintiffs had with defendants.
 No authority has been cited or found to support the position that thewrongful acts of third parties which impair the capital position of thecorporation, to the indirect injury of the shareholders as a whole, givethe shareholders an individual right of action for damages. On thecontrary, the overwhelming weight of authority holds that wrongfulactions by third parties impairing the capital position of thecorporation give no right of action to the shareholders as individualsfor damages where there is no violation of duty owed directly to theshareholders." (Citations omitted.)
 {¶ 10} In the instant case, Maloof does not allege that Barry and Squire, Sanders committed malpractice in advising him to personally guarantee the corporate debt. Rather, Maloof simply alleges that they knew he had signed personal guarantees for the corporation. Because Barry and Squire, Sanders were acting as counsel for the corporation and not for Maloof and did not directly cause Maloof harm through any direct relationship with him, Maloof does not have standing to sue them. Therefore, the sole assignment of error is overruled.
Judgment affirmed.
KENNETH A. ROCCO, A.J., concurs.
DIANE KARPINSKI, J. dissents (See separate dissenting opinion).
[1] These cases are from other jurisdictions and are therefore not binding on this court, whereas Adair, an Ohio Supreme Court decision, is controlling authority.