[Cite as *Eppich v. Nureddin*, 2011-Ohio-2407.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95788**

## MAUREEN EPPICH

PLAINTIFF-APPELLANT

vs.

## KAMEELAH NUREDDIN, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-695812

**BEFORE:** Cooney, P.J., S. Gallagher, J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 19, 2011

**ATTORNEY FOR APPELLANT**

Alvaro G. Velez
100 E. Campus View Blvd.
Suite 250
Worthington, Ohio 43235


**FOR APPELLEE**

Kameelah Nureddin, pro se
2030 Hillsboro Road
East Cleveland, Ohio 44112


COLLEEN CONWAY COONEY, P.J.:

{¶ 1}  Plaintiff-appellant, Maureen Eppich ("Eppich"), appeals the trial court's decision granting the motion for summary judgment filed by defendant-appellee, Kameelah Nureddin ("Nureddin").  Finding no merit to the appeal, we affirm.

{¶ 2}  Nureddin is an accountant and the principal of K.N. Enterprises and K.N.E. Financial.  In 2004, Nureddin entered into a contract to provide accounting services for Jump Start Gymnastics, Inc. ("Jump Start").  Eppich signed this contract as an authorized representative of Jump Start.  A second contract was executed in 2005, also signed by Eppich.  Both contracts indicate at the top of the agreement that Jump Start Gymnastics, Inc. is the client.  Both are signed by Eppich on the second page without any indication of her title or position at Jump Start.

{¶ 3} In 2009, Eppich filed suit against Nureddin, K.N. Enterprises, and K.N.E. Financial, alleging breach of contract, misleading representation, and conversion of business records. Eppich claimed that Nureddin failed to timely file the business tax returns for Jump Start, causing financial harm. In the complaint, Eppich claims that she suffered "economic losses due to tax penalties, fines, accounting fees and legal fees."

{¶ 4} Nureddin filed a motion for summary judgment, arguing that Eppich lacked standing. The trial court agreed and granted the motion. In its journal entry the trial court stated:

{¶ 5} "THROUGH THE DEPOSITION TESTIMONY CITED BY ALL THE PARTIES AND ATTACHED TO BOTH PARTIES['] PLEADINGS, AS WELL AS THE CONTRACT ATTACHED BY BOTH PARTIES, THE CONTRACT CLEARLY AND UNAMBIGUOUSLY WAS ENTERED INTO BETWEEN DEFENDANT K.N. ENTERPRISES AND JUMP START GYMNASTICS, INC. PLAINTIFF MERELY SIGNED AS A REPRESENTATIVE OF THE CORPORATE ENTITY KNOWN AS JUMP START GYMNASTICS, INC. AND DOES NOT HAVE STANDING TO BRING ANY OF THE CLAIMS ASSERTED AS AN INDIVIDUAL."

{¶ 6} Eppich now appeals, raising one assignment of error.

{¶ 7} In her sole assignment of error, Eppich argues that the trial court erred in finding that she lacked standing to file suit as an individual and subsequently, in granting summary judgment in favor of Nureddin.

{¶ 8} Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. La Pine Truck Sales & Equip.* (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test in *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, as follows:

> "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264."

{¶ 9} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

{¶ 10} Initially, we note that Eppich does not provide any legal authority to support her argument that she has standing to bring a claim. Pursuant to App.R. 16(A)(7), the appellant must present her contentions with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record upon which he or she relies. Absent citations to legal authorities, unsubstantiated assertions cannot be considered on appeal. *Keating v. Keating*, Cuyahoga App. No. 90611, 2008-Ohio-5345.

{¶ 11} Nevertheless, Eppich claims that she is an individual party to the second of the two contracts, and therefore has standing to bring a cause of action against Nureddin. Eppich claims that she is a party to the second contract because she signed the contract *and* printed her name above her signature. Eppich fails to cite any case law to support this contention.

{¶ 12} In response to Nureddin's motion for summary judgment, Eppich filed an affidavit in which she claims that her intention, when she signed the second contract, was to sign as an independent party to the terms. However, Eppich's deposition testimony contradicts this affidavit. Eppich testified in her deposition that she signed both contracts merely as a representative for Jump Start. The Ohio Supreme Court has held that:

> "[a]n affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat the motion for summary judgment." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, paragraph three of the syllabus.

{¶ 13} Thus, Eppich failed to create a genuine issue of material fact when she merely provided the court with an affidavit containing statements that contradict her deposition testimony.

{¶ 14} Regardless of Eppich's intent when she signed the contract, the Ohio Supreme Court in *Adair v. Wozniak* (1986), 23 Ohio St.3d 174, 492 N.E.2d 426, held:

> "Where the defendant's wrongdoing has caused direct damage to corporate worth, the cause of action accrues to the corporation, not to the shareholders, * * * even though in an economic sense real harm may well be sustained by the shareholders as a result of reduced earnings, diminution in the value of ownership, or accumulation of personal debt and liabilities from the company's financial decline. The personal loss and liability sustained by the shareholder is both duplicative and indirect to the corporation's right of action." (Citations omitted.)

{¶ 15} Whereas, in *Emerson v. Bank One*, Summit App. No. 20555, 2001-Ohio-1765, the court found that:

> "A shareholder may sue as an individual where the act complained of creates not only a cause of action in favor of the corporation but also creates a cause of action in favor of the shareholder as an individual, such as where the act is in violation of duties arising from contract or otherwise, and owed to the shareholder directly." Id., citing 12(B) Fletcher, Cyclopedia of Law of Private Corporations (1993), 519-20, Section 592.

{¶ 16} Any alleged wrongdoing on the part of Nureddin would have negatively impacted Jump Start directly. Even if Eppich was indirectly harmed as a result, the two harms are identical and any claim must be filed by the corporation itself. Moreover, Eppich has failed to produce any evidence to show that Nureddin violated a duty owed directly to

Eppich. Nureddin was not hired to perform accounting services for Eppich's personal finances but to file the business tax returns and process business records. As the contract clearly states, Jump Start is the client that hired Nureddin to perform accounting services for a business with 8-10 employees.

{¶ 17} Therefore, Eppich's argument is without merit. It is clear that Eppich signed the contract as an authorized representative for Jump Start. The trial court did not err in granting Nureddin summary judgment based on Eppich's lack of standing.

{¶ 18} Thus, Eppich's sole assignment of error is overruled.

Accordingly, judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR