[Cite as *Lugenbeal v. Stupak*, 2016-Ohio-7408.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RANDALL LUGENBEAL, | : | APPEAL NO. C-160413 |
| | | TRIAL NO. A-1502575 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JEFF STUPAK, Individually, and as Chief Financial Officer of DEI Incorporated, | : | |
| | : | |
| WILLIAM SPEELMAN, Individually, and as Executive Vice President of Production of DEI Incorporated, | : | |
| | : | |
| and | : | |
| DEI INCORPORATED, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  October 21, 2016

*Klein, Tomb & Eberly, LLP,* and *Jeremy M. Tomb*, for Plaintiff-Appellant,

*Graydon Head & Ritchey LLP, Stacy A. Cole* and *Michael C. Surrey*, for Defendants-Appellees.

**CUNNINGHAM, Judge.**

{¶1}	Randall Lugenbeal appeals the trial court's entry of summary judgment in favor of Jeff Stupak, William Speelman and DEI Incorporated ("DEI"). He argues that the court improperly excluded testimony that would have demonstrated that genuine issues of material fact existed as to whether Stupak and Speelman had breached their fiduciary duty to him, whether they were liable in civil conspiracy to him and whether Stupak, Speelman and DEI were liable for a violation of R.C. 1701.93.

{¶2}	We conclude that none of Lugenbeal's assignments of error are well taken. The breach-of-fiduciary-duty and civil-conspiracy claims were shareholder-derivative claims that could not be brought by a nonshareholder. And he presented no evidence that the defendants had issued false tax forms in violation of R.C. 1701.93. We therefore affirm the judgment of the trial court.

## I. Background Facts and Procedure

{¶3}	Prior to 2013, Lugenbeal was a minority shareholder of DEI Incorporated. In 2013, he signed over to DEI his shares, which had been seized in execution of a judgment held by Richard Grow, the majority shareholder of DEI. At the time he signed them over, the shares had no value.

{¶4}	In 2015, Lugenbeal filed a complaint against Stupak, who was DEI's Chief Financial Officer, Speelman, DEI's Executive Vice President of Production, and DEI. In the complaint, Lugenbeal alleged that Stupak and Speelman had breached their fiduciary duty to him "by their improper acts * * * including, but not limited to, their management of DEI in bad faith, and directly against the best interests of the company, rendering [Lugenbeal's] interest in DEI worthless." He also alleged that Stupak and

Speelman had acted in conspiracy to injure him and DEI and that the defendants had issued false tax information to him in violation of R.C. 1701.93.

{¶5} The defendants moved for summary judgment on all the claims. In support of his claims, Lugenbeal filed transcripts from a domestic-relations case between Richard Grow and Cynthia Lou Grow, Lugenbeal's mother, the court's decision in that case and Stupak's affidavit, which had been filed in the case. Other than Stupak's testimony given during the domestic-relations case, the trial court refused to consider the transcripts or the decision on grounds that they were "inadmissible and hearsay." The court did consider Stupak's testimony and his affidavit as admissible admissions of a party-opponent.

{¶6} The court granted the defendants' motion, concluding that the claims for breach of fiduciary duty and for civil conspiracy were in reality shareholder-derivative claims, which Lugenbeal, as a nonshareholder, could not bring. The court also concluded that Lugenbeal had not presented evidence of either civil conspiracy or a R.C. 1701.93 violation.

## II. The Claims for Breach of Fiduciary Duty and Civil Conspiracy are Shareholder-Derivative Claims

{¶7} We consider Lugenbeal's second and third assignments of error first. In the second, he asserts that the trial court erred when it concluded that none of the defendants were liable to him. In the third, he claims the court erred when it concluded that there was no evidence to support the civil-conspiracy claim. The essence of the assignments of error is that the court erred in granting summary judgment on the fiduciary-duty and civil-conspiracy claims.

{¶8} As the trial court did, we begin by characterizing what type of claims Lugenbeal alleged. "It is well-settled that only a corporation and not its shareholders

can complain of an injury sustained by, or a wrong done to, the corporation." *Adair v. Wozniak*, 23 Ohio St.3d 174, 176, 492 N.E.2d 426 (1986). Thus, "[a] plaintiff-shareholder does not have an independent cause of action where there is no showing that he has been injured in any capacity other than in common with all other shareholders as a consequence of the wrongful actions of a third party directed towards the corporation." *Id.* at syllabus. Applying this principle in *Adair*, the Ohio Supreme Court concluded that the plaintiffs had stated shareholder-derivative claims, as opposed to individual claims, where the gravamen of the complaint was "that defendants tortiously depleted the assets of [the corporation.]" *Id.* at 176. Similarly, the crux of Lugenbeal's claims is that the actions of Stupak and Speelman adversely affected the value of DEI. Such claims must be brought as shareholder-derivative claims.

{¶9} Lugenbeal argues that we should apply an exception to *Adair* found in *Crosby v. Beam*, 47 Ohio St.3d 105, 548 N.E.2d 217 (1989). In *Crosby*, minority shareholders filed an action against majority shareholders alleging the misappropriation of corporate funds. *Id.* at 107. The Ohio Supreme Court held that breach-of-fiduciary-duty claims brought by minority shareholders against majority shareholders did not have to be brought as shareholder-derivative complaints. *Id.* at paragraph three of the syllabus. The court reasoned that majority shareholders owed a heightened fiduciary duty to minority shareholders, and that if the minority shareholders were required to proceed in a derivative action, "any recovery would accrue to the corporation and remain under the control of the very parties who are defendants in the litigation." *Id.* at 109.

{¶10} We are not persuaded that the reasoning of *Crosby* should be extended to allow Lugenbeal to proceed with individual claims against Stupak and Speelman. Here, there is no evidence that Stupak and Speelman were shareholders, much less

4

majority shareholders. Thus, if Lugenbeal were to succeed in his claim, any benefit would inure to DEI, not to Stupak and Speelman. And further, he alleged no harm separate from the harm done to the corporation. Both the fiduciary-duty claim and the civil-conspiracy claim were shareholder-derivative claims, which Lugenbeal could not pursue as a nonshareholder. The trial court properly granted summary judgment on the claims. The second and third assignments of error are overruled.

{¶11} The first assignment of error, which challenged the trial court's evidentiary decisions, is moot in light of our disposition of the second and third assignments of error, and we decline to address it.

### III. There was No Evidence of a Violation of R.C. 1701.93.

{¶12} In his final assignment of error, Lugenbeal asserts that the trial court erred when it concluded the defendants had not violated R.C. 1701.93. Under the statute:

No officer [or] director * * * of a corporation shall, either alone or with another or others, with intent to deceive * * * [m]ake, issue, deliver, publish, or send by mail or by any other means of communication any * * * document, respecting the shares * * * of a corporation, that is false in any material respect, knowing the statement to be false[.]

{¶13} Lugenbeal argues that the K-1 tax forms issued for tax purposes were false because they showed that his shares in the corporation had value. The falsity is demonstrated, Lugenbeal maintains, by the fact that his shares were worthless when he signed them over in 2013. But Lugenbeal has presented no evidence that Stupak, Speelman, or any other DEI officer or director issued, with intent to deceive, false documents knowing them to be false. Indeed, Stupak averred that "the K-1s [were] truthful and accurate" and that he was "not aware of any facts that would suggest or

show that the K-1s or DEI's tax returns [were] false, inaccurate or misleading." And Speelman stated that, as Executive Vice President of Production, he had no knowledge or control over DEI's tax filings. These statements were uncontroverted. We conclude that the trial court did not err when it granted judgment to the defendants on the claim. The fourth assignment of error is overruled.

{¶14}    We therefore affirm the judgment of the trial court.

Judgment affirmed.

**FISCHER, P.J.,** and **MOCK, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.