DECISION AND JUDGMENT ENTRY
{¶ 1} Charles Mark Emmons and Fannie Moore appeal the trial court's judgment finalizing the adoption of T.B.S. They contest the merits of the judgment on several substantive grounds and they also attack it procedurally. Because Emmons was not a party to the proceedings below, his standing to appeal is limited. In light of Moore's failure to file a motion to intervene, she has no standing in this case, and we cannot consider any of her arguments.
 {¶ 2} Because Emmons filed a motion to intervene, he may appeal the trial court's denial of that motion. Thus, we can consider his second and third assignments of error in which he asserts that the trial court erred by refusing to allow him or his counsel to participate in the proceedings. However, because grandparents do not have any recognized right to participate in adoption proceedings when they are not seeking to adopt the child, the trial court did not err by denying Emmons' motion to intervene. *Page 2 
Consequently, Emmons' second and third assignments are meritless. Because Emmons was not a party to the adoption proceeding, he has no standing to contest the merits of the trial court's adoption decision or the procedure it used in making it. Therefore, we cannot consider his remaining arguments.
 I. FACTS {¶ 3} Ronnie Shaine Staggs married Stephanie Dawn Staggs following her husband's death and then filed a petition to adopt Stephanie's and her former husband's child, T.B.S. Stephanie consented to the adoption. Subsequently, Charles Mark Emmons, the child's paternal grandfather, filed a motion requesting the court to appoint a guardian ad litem, requesting the court make him a party in interest, and requesting the court to permit him to present evidence relating to the child's best interests. Fannie Moore, a paternal great-grandmother, requested the court to interview the child.
 {¶ 4} Staggs filed a motion to strike Emmons' and Moore's motions, arguing that they had no right to intervene in the adoption proceedings. The court agreed with Staggs and denied Emmons' and Moore's motions. The court nonetheless allowed Emmons to submit evidence to the court in opposition to the petition. He filed his own affidavit, the child's maternal grandmother's affidavit, and a series of documents showing Staggs' prior criminal record, which included a domestic violence offense.
 {¶ 5} The court subsequently granted Staggs' petition to adopt. The court found that he is suitably qualified to care for and rear the child and that adoption will promote the child's best interests. *Page 3 
 II. ASSIGNMENTS OF ERROR {¶ 6} Emmons and Moore raise the following errors.
 First Assignment of Error:
 The trial court erred in overruling the motion of Appellant for appointment of a guardian ad litem for [the child] and in failing to sua spont[e] order the appointment of a guardian ad litem.
 Second Assignment of Error:
 The trial court erred in overruling the motion of Appellant, Charles Mark Emmons, to be made a party and/or participate in the hearing upon the petition for adoption.
 Third Assignment of Error:
 The trial court erred in failing to permit counsel for Appellant, Charles Mark Emmons, to participate in the adoption hearing.
 Fourth Assignment of Error:
 The trial court erred in overruling the motion of Appellant, Fannie Moore, for the court to conduct an examination of [the child].
 Fifth Assignment of Error:
 The trial court erred in granting the petition of Ronnie Shaine Staggs to adopt [the child].
 Sixth Assignment of Error:
 The trial court erred in failing to continue the adoption hearing until completion of the investigation of the child abuse allegations against Appellee.
 Seventh Assignment of Error:
 The trial court erred in failing to comply with the requirements of R.C. 3107.161.
 III. STANDING {¶ 7} Because Emmons and Moore were not parties to the adoption proceeding, their right to appeal is limited. "Unless a person is a party in the lower court case, the individual has no standing to appeal. See Whiteside, Ohio Appellate Practice (1996 Edition) 30, Section 1.27."In re Stanley (Oct. 11, 2000), Summit App. Nos. 20128, *Page 4 
20131, 20132. "Ordinarily, in order to have the right to appeal, one must either have been a party to the case in the trial court or have attempted to intervene as a party. A person not a party to an action has no right of direct appeal from an adjudication. Moreover, the prospective appellant must be able to show that he or she has a present interest in the litigation and is prejudiced by the judgment appealed from." Painter and Dennis, Ohio Appellate Practice (2007 Ed.) Section 1:27. Thus, a person who is not a party to an action and has not attempted to intervene as a party lacks standing to appeal. In reAddington (July 31, 1995), Scioto App. No. 94CA2271, citing State exrel. Jones v. Wilson (1976), 48 Ohio St.2d 349, 358 N.E.2d 605;State ex rel. Lipson v. Hunter (1965), 2 Ohio St.2d 225, 208 N.E.2d 133. Merely appearing in an action and making a statement does not make one a party who can appeal. Addington, citing In the Estate of Landrum (Jan. 31, 1991), Ross App. No. 1645. Being allowed to appear in an action and to submit a brief in the trial court likewise does not give a person a right to appeal. Cincinnati v. Kellogg (1950), 153 Ohio St. 291,91 N.E.2d 505; In re McAuley (1979), 63 Ohio App.2d 5, 408 N.E.2d 697.
 {¶ 8} Here, Emmons' motion requesting the court to make him a party to the case and to allow his counsel to participate in the proceedings essentially amounted to a motion to intervene.[1] Moore did not file a motion requesting the court to allow her to intervene. Thus, while Emmons has the capacity to appeal the trial court's decision refusing to join him as a party, Moore does not. In fact, Moore has no standing in this appeal and we cannot consider her arguments. Furthermore, because Emmons was not a party to the adoption proceedings, he lacks standing to challenge the merits of the *Page 5 
trial court's decision finalizing the adoption or the procedure it used. He is limited to challenging the trial court's decision denying him status as a party in the case. Filing a motion to intervene does not give a party unlimited ability to challenge every aspect of the trial court proceedings. See, generally, In re Stanley, supra (holding that because grandparents were not parties to the trial court proceedings, they lacked standing to appeal the trial court's decision granting permanent custody to children services). Consequently, our review of this appeal is limited to the second and third assignments of error, which essentially assert that the trial court erred by denying Emmons' motion to intervene.
 IV. INTERVENTION {¶ 9} Civ.R. 24 governs intervention and states:
 (A) Intervention of right
 Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 (B) Permissive intervention
 Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
 {¶ 10} We review a trial court's decision denying a Civ.R. 24(B) permissive intervention motion for an abuse of discretion. See, e.g., In re J.W., Franklin App. Nos. *Page 6 
06AP-864, 06AP-1062, 06AP-875. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 11} The standard of review under Civ.R. 24(A), intervention as of right, is less settled. While the "Ohio courts of appeals * * * routinely hold that appellate review of trial court decisions respecting applications for intervention of right is limited to the deferential abuse of discretion standard[, a]t least two court of appeals decisions have expressed concern about the propriety of applying that standard." Klein and Darling, Ohio Civil Practice (2006 Ed.) Section 24:4 (footnotes omitted). Klein and Darling suggest that appellate courts review Civ.R. 24(A) motions under a "more searching scope of appellate review."
 {¶ 12} Regardless of which standard we apply here, we conclude the trial court did not err by refusing to permit Emmons to be a party to the case or to allow him or his counsel to participate in the proceedings. Emmons, as the paternal grandfather, had no recognized right to participate in the adoption proceedings. The Supreme Court of Ohio previously addressed grandparent-intervention in adoption proceedings and held:
 "[T]here is no statutory basis for allowing [grandparents] to intervene. Under Civ.R. 24(A), a party has the right to intervene `when a statute of this state confers an unconditional right to intervene.' Under Civ.R. 24(B), the judge may permit a party to intervene `when a statute of this state confers a conditional right to intervene.' Unfortunately for the [grandparents], the relevant statutes * * * which govern all adoptions in Ohio, contain no provision giving [them] either a conditional or an unconditional right to intervene. In fact, under R.C. 3107.11, the trial court is not even required to give the [grandparents] notice of the adoption proceeding. R.C. 3107.11 does not mention grandparents as persons who must be notified and [they] do not fit the description of any of the parties who are entitled to notification under R.C. 3107.11(A). *Page 7 
 Moreover, the [grandparents] do not qualify as persons who must consent to an adoption pursuant to R.C. 3107.06. R.C. 3107.06, which requires the written consent of particular parties before an adoption petition may be granted, contains no reference to grandparents. Furthermore, [the grandparents] do not satisfy the description of any of the parties who are listed in R.C. 3107.06. Nonetheless, in their motions to intervene filed with the trial court, the [grandparents] claim that the juvenile court's visitation order raises their standing to that of persons who must consent within the meaning of R.C. 3107.06(C). While it is not clear that the trial judge accepted this argument in granting the motions to intervene, we find that this contention is wholly without merit. R.C. 3107.06(C) provides that consent is required of `[a]ny person or agency having permanent custody of the minor or authorized by court order to consent.' As the [grandparents] have never had permanent custody of the children, their argument must be that they were authorized by the juvenile court to consent to the adoption. However, the juvenile court's order contains no such language. * * *"
In re Adoption of Ridenour (1991), 61 Ohio St.3d 319, 328-329,574 N.E.2d 1055; see, also, In re Adoption of Hilliard, 154 Ohio App.3d 54,2003-Ohio-4471, 796 N.E.2d 46. Although Ridenour involved a "stranger" adoption, the court later expressly expanded the holding to include "non-stranger" adoptions as well. In re Martin (1994),68 Ohio St.3d 250, 254, 626 N.E.2d 82; State ex rel. Kaylor v. Bruening (1997),80 Ohio St.3d 142, 146, 684 N.E.2d 1228.
 {¶ 13} Thus, "unless the [grandparents] are themselves seeking to adopt, they do not have an interest in the adoption proceeding per se sufficient to give them standing to intervene." Ridenour61 Ohio St.3d at 330. The law is clear that "biological grandparents do not have standing in adoption proceedings * * *." State ex rel. Hitchcock v.Cuyahoga Cty. Court of Common Pleas, Probate Div. (1994),97 Ohio App.3d 600, 609, 647 N.E.2d 208.
 {¶ 14} Under the clear holding of Ridenour Emmons did not have any right to participate in the adoption proceedings. Thus, the court did not err by refusing to join *Page 8 
him as a party to the case or by refusing to allow him or his counsel to participate in the proceedings.
 {¶ 15} Having addressed all of Emmons' and Moore's assignments of error and finding no merit to them, we affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Probate Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. and Kline, J.: Concur in Judgment and Opinion.
[1] While Emmons' motion did not comply with Civ.R. 24(C), we nonetheless consider it as having been a proper motion to intervene. If we were to hold that Emmons failed to file a proper Civ.R. 24 motion, he would have no right to appeal. See Addington, supra. *Page 1