OPINION
{¶ 1} Appellant, Garrick G. Krlich ("Krlich"), appeals the November 27, 2007 judgment entry of the Trumbull County Court of Common Pleas, Probate Division. For the foregoing reasons, we affirm the judgment of the trial court.
 {¶ 2} Appellee, Frank J. Clemente ("Guardian"), was appointed by the Trumbull County Probate Court as guardian of the person and estate of Mary Clemente ("Ms. Clemente"), an incompetent.
 {¶ 3} John Clemente, Sr. was the brother of Ms. Clemente. Together, they owned property located at 723 East Liberty Street, Hubbard, Ohio. Upon the death of John Clemente, Sr., his undivided one-half interest in the real estate passed to his son, John J. Clemente, Jr. ("Clemente"), appellee. Therefore, Ms. Clemente owned a one-half interest in the real estate located at 723 East Liberty Street.
 {¶ 4} On January 31, 2007, the Guardian filed a complaint to sell the real estate owned by Ms. Clemente and properly named and served those parties required to be joined by R.C. 2127.13. That same day, the Guardian filed an application to waive an additional appraisal and attached to the application a previous appraisal performed in the administration of the estate of Ms. Clemente's spouse, Arthur A. Clemente. According to the attached appraisal, the value of the real estate was $49,500. The trial court approved the waiver of appraisal on May 7, 2007.
 {¶ 5} The Guardian, on July 25, 2007, signed a purchase agreement for the sale of Ms. Clemente's undivided one-half interest in the real estate to Clemente for the sum of $20,000.
 {¶ 6} On July 30, 2007, the Guardian filed an application for order of private sale. Said application stated that Clemente had made an offer to purchase the property at private sale for $20,000 cash; that his offer was the highest offer received; and that *Page 3 
the full value of the property had been appraised for $40,000 in the administration of the estate of John Clemente, Sr. The appraisal prepared for the administration of the estate of John Clemente, Sr. was a more recent appraisal, having been prepared on January 9, 2007.
 {¶ 7} On July 31, 2007, the probate court entered an order of private sale dispensing with a new appraisal, stating:
 {¶ 8} "The Court further finds that the real estate was appraised for $40,000.00 for the full interest by the Appraiser in the Estate of John J. Clemente, Sr., and that a further appraisal is dispensed with, and it appearing upon examination that the report is in all respects regular and correct, it is ordered approved and confirmed."
 {¶ 9} On August 23, 2007, Clemente commenced an action in the probate court for specific performance against the Guardian. Clemente requested the probate court to order the Guardian to proceed with the transaction and comply with the contract to purchase real estate owned by Ms. Clemente.
 {¶ 10} Thereafter, Krlich filed a motion to intervene and complaint on September 5, 2007, alleging that he had offered to purchase the property for a higher price than Clemente. Krlich advised the probate court that he offered to purchase Ms. Clemente's one-half interest in the property for $30,000.
 {¶ 11} On November 20, 2007, Krlich filed a motion to set aside the order of sale, and a hearing on Krlich's motion was held on November 21, 2007.
 {¶ 12} The probate court issued a November 27, 2007 judgment entry finding Krlich lacked standing to intervene in the probate court proceedings related to the sale of real estate owned by Ms. Clemente and that his motion to set aside the order of sale issued on July 31, 2007 was untimely. In its judgment entry, the probate court also *Page 4 
determined that a valid contract was in existence between the Guardian and Clemente and ordered the Guardian to comply with the terms of the contract and to proceed with the sale of the property.
 {¶ 13} Krlich filed a timely notice of appeal and asserts the following assignments of error:
 {¶ 14} "[1.] The trial court erred in finding that Krlich lacked standing to intervene in the matter.
 {¶ 15} "[2.] The trial court erred in finding that Krlich's motion to set aside the order of sale was untimely.
 {¶ 16} "[3.] The trial court erred in granting the request of John J. Clemente, Jr. for specific performance."
 {¶ 17} Krlich's first assignment of error alleges the trial court erred when it determined in its November 27, 2007 judgment entry that he lacked standing to intervene in the instant case. We disagree with this assertion propounded by Krlich.
 {¶ 18} The granting or denial of a motion to intervene rests with the discretion of the trial court and will not be disturbed on appeal absent the showing of an abuse of discretion. Peterman v. Pataskala (1997),122 Ohio App.3d 758, 761. (Citation omitted.) "The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 19} Civ. R. 24(A)(2) sets forth the relevant requirements for intervention of right: *Page 5 
 {¶ 20} "Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 {¶ 21} To be entitled to intervene as of right, pursuant to Civ. R. 24(A), the applicant must demonstrate: (1) the application is timely; (2) an interest in the property or transaction that is the subject of the suit; (3) the disposition of the action may impair or impede his ability to protect that interest; and (4) the existing parties do not adequately protect that interest. Blackburn v. Hamoudi (1986),29 Ohio App.3d 350, 352. (Citations omitted.)
 {¶ 22} Permissive intervention is governed by Civ. R. 24(B), which states:
 {¶ 23} "Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Page 6 
 {¶ 24} At the outset, we note that a motion to intervene, along with its accompanying memorandum in support of the motion, must state the grounds for intervention. Civ. R. 24(C). In neither his motion for intervention nor his memorandum in support did Krlich state which subparagraph he relies upon as a basis for his intervention in these proceedings — intervention of right or permissive intervention. Further, as the applicant, Krlich did not state in his motion for intervention the requirements as set forth in Civ. R. 24(A) and failure to meet any one of the elements as outlined results in the denial of the right to intervene. Fairview Gen. Hosp. v. Fletcher (1990), 69 Ohio App.3d 827,831. Furthermore, Krlich failed to assert any claim or statute that would be recognized under Civ. R. 24(B). Although Krlich failed to comply with Civ. R. 24(C), we will consider his motion as having been a proper motion to intervene. Otherwise, if we were to hold that Krlich failed to file a proper Civ. R. 24 motion, he would not have a right to appeal.In re Adoption of T.B.S., 4th Dist. No. 07CA3139, 2007-Ohio-3559, at ¶ 8, fn. 1, citing In re Adoption of Addington (July 31, 1995), 4th Dist. No. 94 CA 2271, 1995 Ohio App. LEXIS 3240, at *6-7.
 {¶ 25} In denying the motion to intervene, the probate court determined Krlich lacked standing to intervene in the proceedings. "[I]n order to have standing, a person must have a direct interest in the subject matter of the litigation. * * * `The common law doctrine of standing to sue involves a determination of whether a party isdirectly benefitted or injured by a judicial resolution of a controversy. * * *'" In re Addington, 1995 Ohio App. LEXIS 3240, at *9. (Internal citations omitted and emphasis sic.)
 {¶ 26} In his brief, Krlich relied upon the Fifth Appellate District's holding in Peterman v. Pataskala, 122 Ohio App.3d 758, for the proposition that neighbors and adjoining property owners are parties allowed to intervene in proceedings related to *Page 7 
adjoining or nearby real estate. However, Peterman is inapposite to Krlich's situation and, thus, his reliance on Peterman is flawed.
 {¶ 27} In Peterman, the appellate court determined the appellants, either contiguous property owners or nearby neighbors to the property at issue, had a right to intervene in a declaratory judgment action filed by a landowner against the village after the village denied her request for rezoning 98.966 acres of her land. Id. at 761. In determining the appellants had a right to intervene, the Fifth Appellate District noted that the appellants made use of their property in character with its zoning classification; the appellants raised legitimate concerns that may affect the use of their property if the nearby property was rezoned; the interests of the appellants were not adequately represented by the village; the appellants' interests would not be protected if they could not intervene in the lawsuit; and the motion was timely filed. Id. at 761-62.
 {¶ 28} In his motion to intervene, Krlich merely asserted that "his interest in effecting the purchase would be denied if the Court [granted Clemente's] demand for specific performance of his offer to purchase" since he had made the highest offer to purchase the property. As his basis to intervene in the instant action, Krlich relied solely on his offer to purchase Ms. Clemente's one-half interest in the real estate located at 723 East Liberty Street. In fact, although Krlich, in his brief, makes reference to the fact that he is an adjoining property owner to the real estate at issue, he failed to argue such status in his motion to intervene or the hearing held before the probate court on November 21, 2007. As such, Krlich has failed to demonstrate any legal interest in this matter that would provide him with standing to intervene. Therefore, the finding by the probate court that Krlich did not have standing in the instant case was not unreasonable, arbitrary or unconscionable. Therefore, based on the foregoing, the *Page 8 
probate court did not abuse its discretion, and we will not reverse the decision denying Krlich's motion to intervene.
 {¶ 29} The issue of standing is dispositive of the instant appeal and renders Krlich's other assigned errors moot. Marino v. Ortiz (1988), 484 U.S. 301, 304; App. R. 12(A)(1)(c).
 {¶ 30} With regard to the second assignment of error that the probate court erred in ruling the motion to set aside the order of sale was untimely, Krlich has no right to appeal the probate court's decision, since he had no standing. Further, Krlich has failed to demonstrate why he did not, or could not have attempted to, intervene in the land sale proceeding prior to the probate court approving the agreement.
 {¶ 31} With regard to the third assignment of error, since Krlich has no standing, he is not in any position to object to the granting of Clemente's request for specific performance. The filing of a motion to intervene does not permit an individual unrestricted ability to dispute every aspect of the proceedings below. In re Adoption of T.B.S.,2007-Ohio-3559, at ¶ 8. (Citation omitted.) Further, absent from the record is any objection on the part of Ms. Clemente's beneficiaries. Therefore, it was proper for the probate court to grant the request.
 {¶ 32} Based on the foregoing, the judgment of the Trumbull County Court of Common Pleas, Probate Division, is hereby affirmed.
 COLLEEN MARY O'TOOLE, J., MARY JANE TRAPP, J., concur. *Page 1