[Cite as *State v. Wilhelm*, 2024-Ohio-5606.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 24CA000004 |
| RANDY A. WILHELM | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Knox County Court of Common Pleas, Case No. 20CR11-0282 |
| JUDGMENT: | Affirmed in part and Reversed in part |
| DATE OF JUDGMENT ENTRY: | November 26, 2024 |

APPEARANCES:

For Plaintiff-Appellee

CHARLES T. McCONVILLE
Knox County Prosecutor
117 E. High Street, Suite 234
Mount Vernon, Ohio 43050

For Defendant-Appellant

J.C. RATLIFF
ROCKY RATLIFF
KYLE PHILLIPS
MICHAEL BROWN
Ratliff Law Office
200 W. Center Street
Marion, Ohio 43302

*Hoffman, J.*

**{¶1}** Appellant Larry Nibert appeals the January 16, 2024 Decision and Entry after Forfeiture Hearing pursuant to R.C. 2937.36 and 2927.39, entered by the Knox County Court of Common Pleas, which ordered $88,921.07, of the $100,000.00 bond he deposited be forfeited. Appellant also appeals the trial court's Decision and Entry on Disqualification of Counsel, filed the same day. Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On November 16, 2020, Randy Wilhelm was charged in a five-count indictment with one count of domestic violence, a misdemeanor of the first degree; one count of felonious assault, a felony of the second degree; one count of bribery, a felony of the third degree; one count of menacing by stalking, a felony of the fourth degree; and one count of intimidation of an attorney in a criminal case, a felony of the third. A warrant was issued for Wilhelm's arrest, which was executed on the same day. Wilhelm appeared before the trial court for arraignment on November 18, 2020, and entered a plea of not guilty to the charges contained in the Indictment. The trial court ordered Wilhelm held without bond pending the completion of a mental evaluation pursuant to R.C. 2937.23(B).

**{¶3}** On December 9, 2020, Wilhelm filed a motion for surety bond and mental evaluation. Wilhelm filed a motion for bond hearing on December 17, 2020. The trial court received the mental health evaluation report prepared by District V Forensic Diagnostic Center on December 21, 2020. The trial court conducted a hearing on the mental health evaluation report and Wilhelm's bond motions on December 22, 2020. Via Decision and Entry filed January 5, 2021, the trial court ordered District V Forensic Diagnostic Center prepare a supplemental report based upon information revealed at the hearing. The trial court also ordered Wilhelm be held without bond.

**{¶4}** On February 4, 2021, Wilhelm filed a motion for bond reduction as well as a motion to continue the February 9, 2021 jury trial. The trial court continued the trial and scheduled a bond hearing for April 6, 2021, but the hearing was continued until May 24, 2021, in order for Wilhelm to retain new counsel. Attorneys J.C. Ratliff and Rocky Ratliff filed a Notice of Appearance on April 15, 2021. Via Order of Conditions of Bond and Pretrial Release Supervision filed May 25, 2021, the trial court set Wilhelm's bond in the amount of $100,000, cash or surety, without the 10% provision, and subject to standard pretrial supervision requirements. Wilhelm was released after bond was posted by Jason E. Wheaton, Sr., executing agent for the surety, Bankers Insurance Company ("Bankers Insurance Co."). Appellant is a bail bondsman. According to Appellant, the bond was subsequently transferred to him by Wheaton with Bankers Insurance Co. continuing as the agent [sic "surety"]. See, Affidavit of Larry Nibert attached to Bonding Company's Motion for Relief from Judgment filed August 30, 2022. Attorney Mitchell Yelsky filed a Notice of Appearance on behalf of Wilhelm on September 14, 2021. The trial court permitted Attorneys J.C. Ratliff and Rocky Ratliff to withdraw as counsel for Wilhelm via Entry filed September 21, 2021.

**{¶5}** On April 4, 2022, the trial court issued a hearing assignment notice, scheduling a hearing for April 21, 2022, on Attorney Yelsky's motion to withdraw as counsel. The notice expressly stated: "If an attorney does not enter an appearance and the defendant fails to appear, a warrant to arrest may be issued." April 4, 2022 Hearing Assignment. On May 2, 2022, the trial court ordered the Knox County Clerk of Courts to issue a statewide warrant for Wilhelm's arrest, specifically finding Wilhelm failed to comply with the pre-trial release program. Upon its own motion, the trial court revoked and

declared forfeited Wilhelm's bond, and scheduled the matter for a show cause forfeiture hearing on August 11, 2022. See, June 22, 2022 Judgment Entry.

{¶6}   After becoming aware of the trial court's June 22, 2022 Judgment Entry, Appellant hired Ken Collins, a bail bondsman and recovery agent, to locate and apprehend Wilhelm, and secure his appearance at the show cause forfeiture hearing. On July 22, 2022, J.C. Ratliff and Rocky Ratliff, on behalf of Appellant, filed a Motion to Release, Discharge, and Exonerate Surety, or in the alternative, Motion to Extend Time to Locate. The trial court denied the motion in its entirety, finding Wilhelm's bond had been revoked and forfeited. See, July 25, 2022 Judgment Entry. The trial court, on its own motion, reconsidered Appellant's motion, and extended the time in which to locate Wilhelm by an additional fourteen (14) days. The trial court rescheduled the show cause forfeiture hearing from August 11, 2022, to August 25, 2022.

{¶7}   During the late evening on August 19, 2022, Collins followed Wilhelm's brother to a fenced residential compound where Wilhelm was believed to be located. At approximately 11:30 p.m., Wilhelm fired shots at Collins' vehicle. Collins contacted local law enforcement, informing them of the situation. Multiple law enforcement agencies from outside Knox County as well as the Ohio State Highway Patrol responded, deploying dozens of officers, armored vehicles, and a helicopter. Law enforcement engaged Wilhelm and his brother in armed conflict throughout the early morning hours of August 20, 2022. During the conflict, Wilhelm fired multiple shots at the helicopter and at the armored vehicles. The conflict ended with the deaths of Wilhelm and his brother.

{¶8}   On August 25, 2022, Appellant appeared with counsel, J.C. Ratliff and Rocky Ratliff, for the scheduled show cause hearing. Collins also appeared to testify as

a witness on Appellant's behalf. Collins was prepared to testify it was impossible to produce Wilhelm as he had died during the August 20, 2022 standoff with police. The trial court heard arguments from counsel for Appellant and the State. Via Decision filed August 26, 2022, the trial court found, "[b]ased upon the failure of [Wilhelm] to appear for hearings in the case, and the failure of the surety to secure his arrest or his appearance, and the risk and expense to the State to secure the arrest of [Wilhelm], the Court hereby renders judgment against the surety, Bankers Insurance Co. for the entire amount of the bond of $100,000. The surety is ordered to deposit $100,000 cash with the Clerk's office within 5 business days of the date of this entry." August 26, 2022 Decision. The trial court set the matter for "further hearing to receive evidence regarding the costs to the State and other law enforcement agencies which were incurred to secure the arrest of [Wilhelm]," adding, "[t]he surety may present evidence and arguments for remission at that time." *Id.*

{¶9} On August 30, 2022, Appellant filed a motion for relief from judgment and a motion for reconsideration and to set aside the bond forfeiture and release the surety from liability or, alternatively, to remit bond. During a telephone status conference on September 6, 2022, the trial court requested counsel for Appellant file a memorandum regarding any potential conflict of interest. Counsel for Appellant filed the memorandum on September 16, 2022. A notice of suggestion of Wilhelm's death was filed on September 20, 2022. Prior to the trial court ruling on his August 30, 2022 motions, Appellant filed a Notice of Appeal from the trial court's August 26, 2022 Decision, which ordered the bond forfeiture. This Court dismissed the appeal for lack jurisdiction,

concluding the August 26, 2022 Decision was not a final appealable order. *State v. Wilhelm*, 2023-Ohio-3223 (5th Dist.).

{¶10} On October 18, 2023, the trial court ordered the surety, Bankers Insurance Co., to deposit the sum of $100,000.00, with the Knox County Clerk of Courts within five (5) business days. Appellant delivered a cashier's check, paid to the order of Knox County, on October 24, 2023. The Knox County Clerk of Courts endorsed and deposited the check. The trial court scheduled a hearing on the remittance of the bond forfeiture for December 4, 2023.

{¶11} At the remittance hearing, the State presented the testimony of Detective Craig Feeney with the Knox County Sheriff's Department; Sergeant Kingsborough of the Mansfield Police Department; Major Matt Them, Director of Finance and Logistics with the Ohio State Highway Patrol; Chief Deputy John Scowden of the Delaware County Sheriff's Department; and Captain Nate Sachs of the Marysville Police Department and commander of the Marysville Tactical Response Team. Each witness testified to the costs, including payroll, expenses, and damages incurred by each of the tactical units which responded to the August 19-20, 2022 standoff between Wilhelm and police. Via Decision and Entry filed January 16, 2024, the trial court rendered judgment against Bankers Insurance Co., as the surety, in the amount of $88,921.07. The trial court ordered the balance remaining on the $100,000.00 deposit be refunded to the depositor. On January 16, 2024, the trial court also issued a Decision and Entry, disqualifying the Ratliff Law Office and all attorneys of the firm from all further matters in the case.

{¶12} It is from these judgment entries Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED WHEN IT DETERMINED APPELLANT SURETY LARRY NIBERT DID NOT HAVE STANDING.

II. THE TRIAL COURT ERRED IN ENTERING A BOND FORFEITURE AGAINST APPELLANT SURETY LARRY NIBERT WHEN THE BOND VIOLATION PENDING BEFORE THE TRIAL COURT WAS NOT DUE TO DEFENDANT'S FAILURE TO APPEAR TO [SIC] COURT AND WHEN DEFENDANT'S FAILURE TO APPEAR WAS THE RESULT OF HIS DEATH PRIOR TO THE SHOW CAUSE HEARING ON BOND FORFEITURE.

III. THE TRIAL COURT ERRED WHEN IT FAILED TO REMIT THE ENTIRE $100,000.00 DEPOSITED BOND BECAUSE THE EXHIBITS PRESENTED DURING THE REMITTANCE HEARING WERE NOT EXPENDED OR RELATED TO DEFENDANT WILHELM BEING BROUGHT BEFORE THE TRIAL COURT ON THE BOND FORFEITURE THAT WAS ENTERED.

IV. THE TRIAL COURT ERRED WHEN IT DISQUALIFIED THE RATLIFF LAW OFFICE FROM FURTHER REPRESENTING APPELLANT NIBERT.

I

**{¶13}** In his first assignment of error, Appellant challenges the trial court's finding he lacked standing.

**{¶14}** Although the present case is criminal in nature, there is no criminal rule specifically addressing intervention. "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with the rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." Crim.R. 57(B). "[T]he plain language of Crim.R. 57(B) permits a trial court in a criminal case to look to the Rules of Civil Procedure for guidance when no applicable Rule of Criminal Procedure exists." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 10. Accordingly, "the civil rules may be invoked where appropriate to fill a void in the rules of criminal procedure in a criminal case." *State v. Strunk*, 12th Dist. Butler No. CA2010-09-085, 2011-Ohio-417, ¶ 8, citing *Schlee*.

**{¶15}** In its January 16, 2024 Decision and Entry after Forfeiture Hearing, the trial court stated:

> This case as it concerns Mr. Nibert raises the question whether a party can intervene in a criminal bond forfeiture hearing. * * * How or whether Larry Nibert * * * actually has a legal interest in the Defendant's bond giving him standing in the case is a critical issue in the case. Although at the December 4, 2023 hearing, Mr. Nibert testified that he is obligated to indemnify the bailbondsman [sic] Jason Wheaton and the surety Bankers Insurance Co., none of the documents in the Court file, and no documents produced in any hearing or with Counsel's briefs filed in the case reference Larry Nibert as any party with an interest in the bond. More critical, however, to Mr. Nibert's position is that Mr. Nibert *has not* moved to

intervene in the case. (Citation omitted.). Here, Mr. Nibert has failed to file a motion to intervene in the case.  Instead, his counsel has filed pleadings (and an appeal) purporting to be "the surety", and "the bonding Co.".  This Court has reviewed each of the pending Nibert motions filed on August 30, 2022, and hereby denies those motions.  The Court also overrules any objections of Mr. Nibert to the procedure, or to further proceeding in the case at the hearing on December 4, 2023.  This Court finds that Mr. Nibert does not have standing in this case because he is not a party to the case, and he has not moved for nor has he been granted intervention in the case. (Citation omitted.).

> *Id.* at pp. 6, 8.

**{¶16}** We agree with the trial court and find, because Appellant failed to take the necessary procedural steps to protect his interest, i.e., not filing a motion to intervene, he is not a party to this matter.

**{¶17}** Appellant's first assignment of error is overruled.

II, III

**{¶18}** In his second assignment of error, Appellant contends the trial court erred in ordering forfeiture of the bond without finding Wilhelm failed to appear. In his third assignment of error, Appellant submits the trial court erred in failing to remit the entire $100,000.00 deposited bond.

**{¶19}** As a general rule, a person who is not a party to the case lacks standing to appeal. *See In re Adoption of T.B.S.,* 2007-Ohio-3559, ¶ 7 (4th Dist.). "Merely appearing

in an action and making a statement does not make one a party who can appeal." *Id.* Likewise, "[b]eing allowed to appear in an action and to submit a brief in the trial court likewise does not give a person a right to appeal." *Id.* Instead, to have standing to appeal, a person either must be a party to the trial court proceeding or must have attempted to intervene as a party. *Id.* A non-party's failure to attempt intervention in the trial court necessarily results in an incapacity to appeal. *Januzzi v. Hickman*, 61 Ohio St.3d 40, 45 (1991).

**{¶20}** Having found, supra, Appellant failed to take the necessary procedural steps to protect his interest and is a non-party, we find he lacks standing to appeal the trial court's decision regarding the bond forfeiture.

**{¶21}** The trial court entered judgment against Bankers Insurance Co. in the amount of $88,921.07. See, January 16, 2024 Decision and Entry after Forfeiture Hearing. Bankers Insurance Co. did not appeal this decision. Appellant must seek any recourse from Bankers Insurance Co.

**{¶22}** Appellant's second and third assignments of error are overruled.

IV

**{¶23}** In his fourth assignment of error, Appellant asserts the trial court erred in disqualifying the Ratliff Law Office from further representing him. We agree.

**{¶24}** In reviewing a trial court's decision to disqualify a party's counsel, we apply an abuse of discretion standard. (Citations omitted). *Hoag v. Ent. Holdings*, 2021-Ohio-506, ¶ 16 (8th Dist.) The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However,

disqualification of an attorney is a drastic measure which should not be imposed unless absolutely necessary. (Citation omitted.) *Kala v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 6 (1998). "Disqualification, therefore, 'should ordinarily be granted only when a violation of the Canons of the Code of Professional Responsibility poses a significant risk of trial taint'." *Spivey v. Bender*, 77 Ohio App.3d 17, 22 (6th Dist. 1991), quoting *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (C.A.2 1981).

**{¶25}** Ohio Courts have adopted the three-part test set forth in *Dana Corp. v. Blue Cross & Blue Shield Mut. of Northern Ohio*, 900 F.2d 882 (C.A.6 1990), when considering the disqualification of counsel due to a conflict of interest. *Stanley v. Bobeck*, 2009-Ohio-5696, ¶ 13 (8th Dist.). Disqualification is proper when "(1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification." (Citation omitted.) *Id.* at 889.

**{¶26}** If there is no current or past attorney-client relationship, the motion to disqualify should be denied. *Henry Filters, Inc. v. Peabody Barnes, Inc.,* 82 Ohio App.3d 255, 260 (6th Dist. 1992). However, if the court determines there is or has been an attorney-client relationship, the court must then determine whether a conflict of interest exists; only if a conflict exists need the attorney be disqualified. *Id.* The disqualification of an attorney "should not be based solely upon allegation of a conflict of interest." *Kitts v. U.S. Health Corp. of S. Ohio,* 97 Ohio App.3d 271, 275 (4th Dist. 1994)

**{¶27}** In its January 16, 2024 Decision and Entry on Disqualification of Counsel, the trial court found:

The Ratliff Law Office represented [Wilhelm] in this case, at the time [Wilhelm] posted bond through the surety in the case.

The prior representation of [Wilhelm] in this case by the Ratliff Law Office constitutes matters the same as or substantially related to those the Ratliff Law Office now bring on behalf of their current client [Appellant], because there is a "commonality of issues" between the two representations, and the factual contexts of the representation are related. * * *

The Ratliff Law Office is irrebuttably presumed to have benefitted from confidential information obtained during the prior representation of [Wilhelm] in this case which is relevant to the current representation of [Appellant] in this case. In such limited situations there is no necessity to demonstrate actual exposure to specific confidences which would benefit the present client. * * *

Disqualification should be ordered where any substantial relationship can be shown between the subject matter of the former representation and that of a subsequent adverse representation. * * *

This Court finds that the current representation by the Ratliff Law Office of [Appellant], and any claim by a surety in this case, is adverse to the interests of the personal representative or the estate of * * * [Wilhelm], and that such current representation is the same as or has a substantial relationship to the former representation of [Wilhelm] by the Ratliff Law Office.

January 16, 2024 Decision and Entry on Disqualification of Counsel at pp, 13-14.

**{¶28}** Based upon those findings, the trial court ordered "the disqualification of counsel, Ratliff Law Office and all attorneys in the firm, from *all further matters in this case*." (Emphasis added.) *Id.* at p. 14.

**{¶29}** Although the matter in which the Ratliff Law Office currently represents Appellant is related to the case in which the firm represented Wilhelm, such does not, in and of itself, establish any actual conflict of interest in a possible future representation of Appellant by the Ratliff Law Office. Any consideration of the Ratliff Law Office's representation of Appellant as presenting a conflict of interest in "future matters in this case" is speculative and premature. If further proceedings arise, the issue may be raised by the parties at that time.

**{¶30}** Because the Ratliff Law Office was able to represent Appellant at the remittance hearing and was not disqualified from doing so by the trial court, we sustain Appellant's fourth assignment of error.

{¶31} The judgment of the Knox County Court of Common Pleas is affirmed in part and reversed in part.

By: Hoffman, J.

Delaney, P.J. and

King, J. concur