[Cite as *Lopez v. Veitran*, 2012-Ohio-1216.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

GUILLERMO LOPEZ,                :        APPEAL NO. C-110511
                                         TRIAL NO. A-1104246
    Plaintiff-Appellee,    :
                                         *O P I N I O N.*
vs.                            :

JUAN VEITRAN,                   :

    Defendant.             :


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  March 23, 2012


*McKinney & Namei Co., LPA*, and *Paul W. Shonk,* for Plaintiff-Appellee,

*Bleile, Witte & Lape*, *Adam Boyd Bleile* and *Stephenie N. Lape*, for Nancy Hicks and Karen Agustin.



Please note:  This case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}   Nancy Hicks and Karen Agustin filed a notice of appeal from a judgment of the Hamilton County Court of Common Pleas dismissing their purported counterclaims in an eviction action.   Because they were never made parties in the proceeding below, they have no standing to appeal, and we, therefore, dismiss the appeal.

{¶2}   The record shows that plaintiff-appellee Guillermo Lopez filed a "Complaint for Eviction and Money" against "Juan Veitran, et al." in Hamilton County Municipal Court.   The basis of the complaint was nonpayment of rent.   Attached to the complaint was a "Notice to Leave the Premises" directed to Alex Dias, Luis Blanco, Jorge Albavera, and Veitran, "et al."   Veitran never filed an answer or appeared in the action.

{¶3}   Hicks and Agustin, who were not named as defendants in the complaint, filed an answer and counterclaim in which they simply added their names to the list of defendants in the caption.   They never filed a motion to intervene under Civ.R. 24.   Subsequently, they filed a motion to transfer the case to common pleas court because the amount of the counterclaim exceeded the jurisdictional limits of the municipal court.

{¶4}   At a hearing on the complaint, the magistrate recognized that Hicks and Agustin were not parties because they had not been named in the complaint. Hicks and Agustin argued that the use of the phrase "et al." in the complaint included all the tenants named in the "Notice to leave the Premises."   But they had not been named in the notice.   They later tried to argue that the "et al." covered all the tenants.

2

The magistrate did not agree with the argument, and denied the motion to transfer. He then took testimony from Lopez regarding Veitran.

{¶5} In his decision, the magistrate stated, "Plaintiff is granted restitution of the premises as described in the statement of claim, plus costs. The claim for money is continued for the filing of an answer or default judgment." Hicks and Agustin filed objections in which they again argued, without citation to any authority, that "[d]efendants can be known as 'E.T. AL' in both the Notice to Leave the Premises and the Complaint for Eviction."

{¶6} Subsequently, the trial court ruled on the objections, stating "Defendant's notice of appeal from eviction is hereby granted. This case is hereby remanded back for hearing on the first cause of action." It was set for a hearing on a later date. On that date, the magistrate issued a decision ordering that the case be transferred to common pleas court, and the trial court adopted the magistrate's decision.

{¶7} In common pleas court, Lopez filed a Civ.R. 12(B)(6) motion to dismiss the counterclaim, and a motion for sanctions in which he argued that the counterclaim was frivolous, relying on facts that were not in the record. He attached numerous documents to his motion that were not authenticated. Hicks and Agustin filed a motion to strike, and a response in which they argued that Lopez's motion was essentially a motion for summary judgment under Civ.R. 56. Lopez then filed a motion to permit supplemental affidavits to his Civ.R. 12(B)(6) motion.

{¶8} The common pleas court granted the motion to dismiss the counterclaim. Because the counterclaim was the reason that the case had been transferred to common pleas court, it transferred the case back to municipal court.

It further stated, "The Court declines to rule on the motion for sanctions, leaving the matter to be determined by the Municipal Court Judge."

{¶9}   Hicks and Agustin then appealed the common pleas court's judgment to this court.  In their sole assignment of error, they contend that the common pleas court erred in granting the motion to dismiss their counterclaim.  We do not reach the merits of their assignment of error.

{¶10}   To have standing to appeal, a person must either have been a party to the case or have attempted to intervene as a party.  A person not a party to the action has no right of direct appeal from an adjudication.  *State ex rel. Lipson v. Hunter*, 2 Ohio St.2d 225, 225, 208 N.E.2d 133 (1965); *In re Adoption of T.B.S.*, 4th Dist. No. 07CA3139, 2007-Ohio-3559, ¶ 7; *In re Estate of Markovich*, 9th Dist. No. 06CA008868, 2006-Ohio-6064, ¶ 8-11.  Merely appearing in a proceeding and presenting an argument does not make a person a party to an action with a right to appeal.  *Adoption of T.B.S.* at ¶ 7; *Markovich* at ¶ 11.

{¶11}   Hicks and Agustin were clearly never made parties in this case.  Civ.R. 10 states:

> Every pleading shall contain a caption setting forth the name of the court, the title of the action, the case number and a designation as in Rule 7(A).  In the complaint the title of the action shall include the names and addresses of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.

The failure to state the name and address of all parties is grounds for dismissal of the complaint.  *State ex rel. Sherrills v. Ohio*, 91 Ohio St.3d 133, 133, 2001-Ohio-299,

742 N.E.2d 651; *Sec. Fed. Sav. & Loan Assn. v. Kleinman*, 11th Dist. No. 98-L-098, 1999 Ohio App. LEXIS 5778, *10-11 (Dec. 3, 1999).

{¶12} Basic due process is behind the requirement that the complaint specify the names and addresses of the parties. "It is essential that a defendant be put on notice that it is a party to an action. * * * In order for a defendant to timely move or respond, the caption of the complaint must make it clear that such a defendant is a proper party and is named as a defendant in the action." *Sec. Fed. Sav.* at 11, quoting *Heine v. Crall*, 10th Dist. No. 93AP-65, 1993 Ohio App. LEXIS 2616, *5 (May 18, 1993).

{¶13} Thus, under the plain language of the rule, the defendants must be named in the complaint. It is only in subsequent filings that the use of the term "et al." is acceptable. In this case, the only defendant named in the complaint was Veitran, and he was, therefore, the only defendant. *See Hillman v. Edwards*, 10th Dist. No. 10AP-950, 2011-Ohio-2677, ¶ 30. Because Hicks and Agustin were not named in the complaint, they were not parties. If they wished to be parties, they should have filed a motion to intervene under Civ.R. 24. Since they did not, they have no standing to appeal, and we have no choice but to dismiss their appeal. *See State ex rel. Lipson*, 2 Ohio St.2d at 225, 208 N.E.2d 133; *Markovich*, 2006-Ohio-6064, at ¶ 11; *In re Adoption of Addington*, 4th Dist. No. 94CA2271, 1995 Ohio App. LEXIS 3240, *6-7 (July 31, 1995).

Appeal dismissed.

**SUNDERMANN, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:
    The court has recorded its own entry this date.