[Cite as *Geauga Savs. Bank v. Rickard*, 2014-Ohio-4737.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| GEAUGA SAVINGS BANK, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-A-0036** |
| LAWRENCE P. RICKARD, et al., | : | |
| Defendant-Appellee, | : | |
| THE BOARD OF TRUMBULL TOWNSHIP TRUSTEES, | : | |
| | : | |
| Intervening Defendant Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2011 CV 1135.

Judgment: Appeal dismissed.

*Michael D. Stultz*, Meyer & Kerschner, Ltd., 106 E. Market Street, P.O. Box 400, Tiffin, OH 44883, and *Christopher C. Camboni*, Meyer & Kerschner, Ltd., 4249 Easton Way, Suite 150, Columbus, OH 43219 (For Plaintiff-Appellee).

Gary L. Pasqualone, Curry and Pasqualone, 302 South Broadway, Geneva, OH 44041 (For Defendant-Appellee).

*Thomas L. Sartini*, Ashtabula County Prosecutor, and *Catherine R. Colgan*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Appellant).

THOMAS R. WRIGHT, J.

{¶1}     Appellant, The Board of Trumbull Township Trustees, appeals a judgment

from the Ashtabula County Court of Common Pleas, granting foreclosure as to real property belonging to Lawrence Rickard, appellee. Appellant, argues that the trial court erred in granting foreclosure before issuing a decision on its motion to intervene which remains pending.

{¶2} During the late 2000's, Rickard had an interest in an Ohio limited liability company known as "Phoenix." Through this company, Rickard staged a medieval fair and marketplace for approximately five weeks each summer on land located in Trumbull Township. The annual revenues were substantial, including profits from alcohol sales.

{¶3} In July 2008, appellant brought a civil action against Rickard in the court of common pleas, seeking recovery of a portion of the revenues from previous fairs. Stating claims sounding in breach of contract and unjust enrichment, appellant's allege that Rickard absconded with funds that should have been paid to certain charitable organizations. Although this particular action has been pending for over five years, appellant has yet to obtain a money judgment against Rickard.

{¶4} Besides his interest in Phoenix, Rickard personally owns at least three parcels of land in Ashtabula County. In purchasing of these parcels in the early 2000's, he entered into a loan agreement with Geauga Savings Bank, appellee. In addition to executing a promissory note in each transaction, Rickard also granted Geauga Savings a mortgage on each of the parcels.

{¶5} In November 2011, Geauga Savings initiated a foreclosure action against Rickard in the same common pleas court where appellant's "fair revenue" case was pending. This foreclosure action pertained to two of the three parcels Rickard owned in Ashtabula County. Within three months of the filing of the foreclosure claim, appellant

2

moved to intervene in the action on the grounds that it had an interest in the properties. Specifically, appellant maintained that, in light of its separate pending claims for the fair revenue, it was the beneficiary of a constructive trust over the parcels. Appellant further asserted that, since Rickard may have used some of the absconded funds to pay on the underlying debts for the parcels, it may be entitled to recover those funds from the sale of the parcels.

{¶6} In October 2012, the common pleas court issued a decision overruling the motion to intervene in that foreclosure action. Appellant then attempted to appeal that ruling to this court. We dismissed that particular appeal holding that the denial of a motion to intervene is not a final appealable order. *Geauga Savings Bank v. Rickard*, 11th Dist. Ashtabula No. 2012-A-0052, 2013-Ohio-3863.

{¶7} Even before appellant moved to intervene in the foregoing foreclosure action, Geauga Savings filed a second foreclosure case against Rickard. This newest case related to the third mortgage encumbered parcel. Although brought in the same common pleas court as the first foreclosure action, the second case was assigned to a different trial judge. This appeal arises from the proceedings in the second foreclosure action.

{¶8} Unlike the proceedings in the first foreclosure case, appellant's motion to intervene in the second case was not submitted within three months of the filing of the complaint. Instead, the second case had been pending for approximately eight months before appellant moved to intervene for the identical reasons stated in its motion in the first action. As of the date of the motion in the second case, August 24, 2012, Geauga Savings had already submitted a motion for summary judgment on its foreclosure claim

3

and a motion for a preliminary injunction regarding the distribution of the revenues from the 2012 medieval fair. Although the trial court had not rendered a dispositive ruling on either motion, it had scheduled an oral hearing on the preliminary injunction motion for September 12, 2012.

{¶9} Appellant's trial counsel attended the scheduled hearing. At the outset of the proceeding, the trial court asked counsel whether she was prepared to proceed on the motion to intervene at that time, or whether she would prefer a continuance. After counsel initially stated that a continuance was preferable, the trial court entered into a discussion of other parts of the case, including the fact that it intended to grant summary judgment in favor of Geauga Savings on its foreclosure claim. At the conclusion of this discussion, the court again asked counsel whether she would prefer a separate hearing on the motion to intervene. In response, counsel again requested a continuance, and did not raise any objection to the court's intention to rule upon the summary judgment motion prior to deciding the motion to intervene.

{¶10} On the same date as the oral hearing, the trial court issued a written entry granting Geauga Savings' summary judgment and entering foreclosure as to Rickard's third parcel of land. Since appellant is not a party defendant, the clerk of courts did not serve a copy of the entry upon its trial counsel.

{¶11} In the weeks following the September 2012 hearing, Geauga Savings and appellant filed competing pleadings concerning the merits of the motion to intervene. After Rickard also submitted a memorandum, the briefing on the intervention question was complete. A hearing on appellant's motion was never scheduled, and the trial court did not render a ruling on the matter. In the meantime, on December 3, 2012, Geauga

4

Savings filed a praecipe on the order of sale, and the Sheriff's sale for the third parcel was scheduled for March 11, 2013.

{¶12} Five days before the proposed sale, appellant moved the trial court for an emergency stay of the proceedings. Essentially, appellant argued that the sale should not go forward until it was afforded an opportunity to prove at an evidentiary hearing that its interest in the subject property was superior to that of Rickard and the United States government. In response, Geauga Savings contended for the first time that no further action needed to be taken in relation to appellant's motion to intervene because, when the trial court issued its foreclosure order in September 2012, it implicitly overruled that motion.

{¶13} As of March 2013, a visiting judge was sitting in place of the original judge who rendered the foreclosure order. On March 11, 2013, the visiting judge issued judgment granting a stay of the Sheriff's sale until a ruling on the motion to intervene was made.

{¶14} On the same date the stay took effect, appellant filed a supplemental brief in support of its request to intervene. However, no other steps were taken in the action until Geauga Savings requested a status conference in late June 2013. A status conference was set for August 12, 2013. Before the conference could be held, though, appellant filed its notice of appeal to this court. Furthermore, during the pendency of this appeal, the trial court rendered a judgment indicating that the underlying action would continue to be stayed until this court issues a decision.

{¶15} Nevertheless, in submitting its brief, appellant has not raised any issue on the merits of the foreclosure order. Instead, its two assignments of error pertain solely

5

to its pending motion to intervene:

{¶16} "[1.] The trial court erred by granting summary judgment to [Geauga Savings] prior to conducting a hearing on appellant's motion to intervene, and/or by failing to rule on appellant's motion to intervene.

{¶17} "[2.] If the trial court did in fact, presumptively deny appellant's motion to intervene, the manner in which it reached this decision was unreasonable, arbitrary or unconscionable, and hence, an abuse of discretion."

{¶18} We cannot address the merits of appellant's assignments as it currently lacks standing to appeal.

{¶19} As stated, appellant's motion to intervene remains pending. Accordingly, they are currently not a part to this action. It is a "* * * well-established legal principle that a non-party lacks standing to bring an appeal. * * *." *Caldwell v. Columbus Fair Auto Auction, Inc.,* 10th Dist. Franklin No. 98AP-1199, 1999 Ohio App. LEXIS 3930, at *10 (Aug. 26, 1999), citing *Landes v. Ohio State University Hospitals,* 10th Dist. Franklin No. 97AP-739, 1997 Ohio App. LEXIS 5218 (Nov. 20, 1997); *Rymers v. Rymers,* 11th Dist. Lake Nos. 2009-L-109 and 2009-L-156, 2010-Ohio-4298.

{¶20} Accordingly, this appeal is dismissed.

DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concurs.

6