[Cite as *Borden v. Borden*, 2020-Ohio-3773.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| RONALD E. BORDEN, | : | MEMORANDUM OPINION |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO.  2020-A-0025 |
| CHRISTINA A. BORDEN, | : | |
| Defendant, | : | |
| ASHTABULA COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, DEPARTMENT OF JOB AND FAMILY SERVICES, | : | |
| | : | |
| Appellant. | : | |
| | : | |

Appeal from the Ashtabula County Court of Common Pleas, Case No. 2006 DR 017.

Judgment:  Appeal dismissed.

*Gary L. Pasqualone,* Curry and Pasqualone, 302 South Broadway, Geneva, OH 44041 (For Plaintiff-Appellee).

*Debra S. McMillan,* ACCSEA, 2924 Donahoe Drive, Ashtabula, OH  44004 (For Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Ashtabula County Child Support Enforcement Agency, Department of Job and Family Services ("ACCSEA"), appeals from the judgment of the Ashtabula County Court of Common Pleas terminating certain delinquent spousal

support processing fees purportedly owed by appellee, Ronald E. Borden. For the reasons discussed in this opinion, we dismiss this matter for lack of standing to appeal.

{¶2} Appellee and his former wife, Christina A. Borden, were divorced in October 2008. Prior to entering the decree, on March 4, 2008, appellee moved to modify the existing temporary separation agreement. The trial court ordered appellee to pay his spousal support order through the Ohio Child Support Payment Central with a two percent processing fee monthly commencing May 1, 2008. The order was served upon ACCSEA who then commenced processing the spousal support payments.

{¶3} On April 8, 2020, appellee filed a motion for nunc pro tunc decree of divorce requesting the court to modify the spousal support commencement date in order to correct and eliminate allegedly improper past-due processing fees totaling $1,200.01. The parties do not dispute that this motion was not served upon ACCSEA. On April 13, 2020, the trial court entered judgment terminating the allegedly delinquent processing fees. ACCSEA now appeals and assigns the following as error:

{¶4} "The trial court erred to the prejudice of ACCSEA, by issuing a nunc pro tunc order 12 years later to eradicate administrative fees owed without notice or the opportunity to be heard."

{¶5} ACCSEA asserts the trial court erred in proceeding to judgment without requiring appellee to serve his motion on ACCSEA and affording it an opportunity to object and argue in opposition to the termination of fees. Alternatively, appellee argues ACCSEA, who is not a party to the divorce, argues it neither filed a motion to intervene in the trial court nor filed a motion to vacate the order. Accordingly, appellee maintains ACCSEA lacks standing to appeal the nunc pro tunc judgment.

2

{¶6} Generally, one who was not a party to a case in a trial court has no right to directly appeal a judgment. *See Januzzi v. Hickman*, 61 Ohio St.3d 40, 45 (1991). To have appellate standing, a *party* must be aggrieved by the final order upon which the appeal is premised. *State ex. rel. Merrill v. Ohio Dept. of Natural Resources,* 130 Ohio St.3d 30, 2011-Ohio-4612, ¶28. An exception to this rule pertains to a person who has attempted to intervene as a party in the proceedings below. *State ex rel. Lipson v. Hunter*, 2 Ohio St.2d 225 (1965); *see also Ohio Sav. Bank v. Ambrose*, 11th Dist. Geauga No. 1470, 1989 WL 50092, *2 (May 12, 1989); *Fed. Ins. Co. v. Fredricks*, 2d Dist. Montgomery No. 26230, 2015-Ohio-694, ¶81; *Lopez v. Veiran*, 1st Dist. Hamilton No. C-11-511, 2012-Ohio-1216, ¶10.

{¶7} ACCSEA may indeed be aggrieved by the trial court's judgment terminating the alleged delinquent fees. *See Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.*, 140 Ohio St. 160, 161 (1942) (an "aggrieved" party is one whose interest in the subject matter of the litigation is "'immediate and pecuniary, and not a remote consequence of the judgment.'") It did not, however, attempt to intervene in the matter after it received notice of the trial court's nunc pro tunc order. We therefore conclude ACCSEA lacks standing to appeal the trial court's judgment terminating the alleged delinquent processing fees. ACCSEA's due process argument is accordingly not currently ripe for review.

{¶8} Because ACCSEA lacks standing, we must dismiss this appeal.


TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.

3