[Cite as *Reld & G Ent., Inc. v. Eldanaf*, 2025-Ohio-276.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

RELD & G ENTERPRISE INC., ET AL., :

      Plaintiffs, :

      v. :       No. 113881

RABIH I. ELDANAF, :

      Defendant-Appellee. :

[Appeal by Alice Griffin] :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 30, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-18-903589 and CV-22-971809

---

### *Appearances:*

ICE MILLER LLP, Kristina S. Dahmann, and Kishala Srivastava, *for appellant*.

David J. Horvath, *for appellee*.

---

SEAN C. GALLAGHER, J.:

{¶ 1} Alice Griffin appeals the interlocutory decision granting summary judgment in favor of Rabih I. Eldanaf upon her breach-of-fiduciary-duty, interference-with-a-contract, and conversion claims (collectively "self-dealing

claims"), which arise from their relationship as alleged minority shareholders of Reld & G Enterprise, Inc. ("Reld").[1] For the following reasons, we affirm.

{¶ 2} In 2018, George Shamatta, in his individual capacity as the alleged majority shareholder of Reld, and Reld filed the underlying action against Eldanaf essentially claiming that Eldanaf self-dealt and interfered with Reld's contractual interests through his role as a minority shareholder and president of the corporation. The original complaint alleged that Eldanaf and Shamatta are the shareholders and principals of Reld. Griffin was not mentioned in the initial pleading. Reld is a for-profit corporation incorporated under the laws of Ohio. Griffin attached Reld's incorporating document from the Ohio Secretary of State to her opposition to summary judgment, which notes that the corporation has 800 common shares available for distribution. There is also a copy of an unexecuted close corporation agreement naming Shamatta and Eldanaf as the sole shareholders, the document required for a corporate entity to be deemed a close corporation, and unexecuted share subscriptions demonstrating that Shamatta and Eldanaf would respectively receive 100 and 200 shares of Reld. Otherwise, the record is largely devoid of any corporate documentation.

{¶ 3} In 2020, Shamatta unexpectedly passed away. His estate, with his wife Christine Alsaker being named the personal representative, was substituted in place of Shamatta. In addition, Reld was put under the control of a receiver, Sean

---

[1] The trial court certified partial summary judgment as to Griffin's claims as final under Civ.R. 54(B). The parties tacitly agree that the order appealed is a final appealable one. *See Celebrezze v. Netzley*, 51 Ohio St.3d 89, 90 (1990).

Allan, for the purposes of winding up the corporate affairs. Neither the receiver nor the estate, now the alleged majority shareholder of Reld, showed interest in pursuing Shamatta's claims against Eldanaf.

{¶ 4} In January 2021, Griffin attempted to intervene simply by filing an amended complaint that duplicated the original complaint filed by Shamatta, with the exception of adding herself as a named plaintiff based on the allegation that she was also a minority shareholder. She failed to comply with Civ.R. 24 in any manner, but nonetheless, the action proceeded on her amended complaint.[2] *But see Lopez v. Veitran*, 2012-Ohio-1216, ¶ 10 (1st Dist.) ("To have standing to appeal, a person must either have been a party to the case or have attempted to intervene as a party."). Despite the lack of documentation supporting her claim of ownership, Griffin reasserted the self-dealing claims on behalf of Reld against Eldanaf. The amended complaint does not include any allegations asserting claims on behalf of Griffin in her individual capacity.

{¶ 5} Eldanaf filed a motion for partial summary judgment seeking judgment in his favor upon all claims advanced by Griffin. In pertinent part, Eldanaf claimed that Griffin's amended complaint failed to properly advance a shareholder derivative claim under Civ.R. 23.1 for a variety of reasons, the most important of

---

[2] Griffin attempted to file a "Motion for Joinder" in the attempt to intervene, but that motion was ineffective for two reasons. First, the trial court never ruled on the motion. But second, and more important, Griffin lacked standing to file any motion because she was not a party to the action. In order for a nonparty to file a motion, they must first seek leave to intervene. A motion to join a party is reserved to the parties named in the operative pleadings.

which is the lack of a verified complaint and the failure to articulate claims specific to Griffin. Griffin, in response, claimed that she was not required to file a derivative action because Reld is classified as a close corporation, and as a result, a minority shareholder can maintain claims in their individual capacities against a majority shareholder without invoking Civ.R. 23.1 under the authority established in *Crosby v. Beam*, 47 Ohio St.3d 105, 107 (1989). In that case, the Ohio Supreme Court held that certain claims of "minority shareholders against shareholders *who control a majority of shares* in a close corporation, and use their control to deprive minority shareholders of the benefits of their investment, may be brought as individual or direct actions and are not subject to the provisions of Civ.R. 23.1." (Emphasis added.) *Id.* at paragraph three of the syllabus.

{¶ 6} The trial court agreed with Eldanaf and concluded that Griffin lacked standing to assert a shareholder derivative claim under Civ.R. 23.1.

{¶ 7} According to Griffin, the trial court erred in granting summary judgment in Eldanaf's favor. In this appeal, Griffin challenges the trial court's conclusion, claiming that because neither the receiver nor Alasker "have Reld's best interest in mind when they failed to prosecute the case[,]" Griffin is the only plaintiff who will do so. While that may well be true, that does not relieve Griffin of adhering to legal formalities. In order to pursue her claims, Griffin is required to comply with Civ.R. 23.1 or prove an exception to those requirements exists. That is the focus of this appeal.

{¶ 8} Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Argabrite v. Neer*, 2016-Ohio-8374, ¶ 14. Summary judgment is appropriate only when "[1] no genuine issue of material fact remains to be litigated, [2] the moving party is entitled to judgment as a matter of law, and, [3] viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party." *Id.*, citing *M.H. v. Cuyahoga Falls*, 2012-Ohio-5336, ¶ 12.

{¶ 9} Griffin concedes that the amended complaint does not comply with Civ.R. 23.1, which in pertinent part requires a shareholder, who is bringing an action to enforce the rights of a corporation, to verify the complaint and allege with particularity the efforts made to obtain the desired relief. There is no dispute that the amended complaint was unverified and also that Griffin alleges that she and Eldanaf are minority shareholders.

{¶ 10} "It is well-settled that only a corporation and not its shareholders can complain of an injury sustained by, or a wrong done to, the corporation" outside the context of Civ.R. 23.1. *Adair v. Wozniak*, 23 Ohio St.3d 174, 176 (1986). "A plaintiff-shareholder does not have an independent cause of action where there is no showing that he has been injured in any capacity other than in common with all other shareholders as a consequence of the wrongful actions of a third party directed towards the corporation." *Id.* at syllabus. A shareholder's derivative action is a claim filed by a shareholder in the name of the corporation to enforce the corporation's claims. *Crosby* at 107. It "is an exception to the usual rule that a corporation's board

of directors manages or supervises the management of a corporation." *Id. Crosby*, on the other hand, is a further exception to the requirements established in Civ.R. 23.1. In the context of close corporations, "if the complaining shareholder is injured in a way that is separate and distinct from an injury to the corporation, then the complaining shareholder has a direct action." *Id.*, citing O'Neal & Thompson, *2 O'Neal's Close Corporations,* § 8.11, at 119-121 (3d Ed. 1987).

{¶ 11} As the Ohio Supreme Court reasoned in *Crosby*, if courts were to "require a minority shareholder in a close corporation, who alleges that the majority shareholders breached their fiduciary duty to him, to institute an action pursuant to Civ.R. 23.1, then any recovery would accrue to the corporation and remain under the control of the very parties who are defendants in the litigation." *Id.* at 109. In that specific situation, "a derivative remedy is not an effective remedy because the wrongdoers would be the principal beneficiaries of the recovery." *Id.*, citing *2 O'Neal's Close Corporations*, supra, § 8.11, at 120-123.

{¶ 12} The exception established in *Crosby* is narrow. As at least one court has noted, *Crosby* has not been extended to apply outside the narrow confines of a minority shareholder challenging the majority shareholders of close corporations. For instance, it has not been applied to cases in which there are no minority shareholders, such as a corporation owned by two equal shareholders. *Hanko v. Nestor*, 2019-Ohio-2256, ¶ 21-22 (6th Dist.) (string citing cases omitted). Likewise, another court declined to extend the limited holding of *Crosby* to a case in which the defendants were not the majority shareholders or involving entities other than close

corporations. *Lugenbeal v. Stupak*, 2016-Ohio-7408, ¶ 10 (1st Dist.); *see also Blank v. Bluemile, Inc.*, 2021-Ohio-2002, ¶ 32 (10th Dist.) (declining to extend *Crosby* to apply to suits involving limited liability partnerships or those asserting other claims beyond a breach of fiduciary duty). Thus, *Crosby* has consistently been applied to its specific holding that "claims of a breach of fiduciary duty alleged *by minority shareholders against shareholders who control a majority of shares* in a close corporation," who "use their control to deprive minority shareholders of the benefits of their investment, may be brought as individual or direct actions and are not subject to the provisions of Civ.R. 23.1." (Emphasis added.) *Crosby* at 109-110. Importantly, Griffin has provided no authority or argument to extend *Crosby* beyond that narrow holding.

{¶ 13} In the amended complaint, Griffin alleges that she and Eldanaf are both minority shareholders. Even if we presumed that Reld was a close corporation, a fairly large presumption given the lack of documentation, Shamatta's estate owns the controlling shares of Reld according to the amended complaint. Griffin's claims on behalf of Reld, however, are against Eldanaf, not Shamatta's estate. As a result, her claims, that of a minority shareholder advanced against another minority shareholder, are not controlled by *Crosby*.

{¶ 14} And further, we decline any implicit invitation to sua sponte extend *Crosby* to include claims of a minority shareholder against another minority shareholder, especially one who lacks control over the corporate operations. The express rationale for allowing direct actions by minority shareholders of close

corporations was the practical reality that any recovery by a minority shareholder in a derivative action accrues to the corporation. In such a situation, the majority shareholder of the close corporation would still be in a position to deny the minority shareholder relief. That concern is not present in the current case in which Griffin alleges that Eldanaf is a minority shareholder and is no longer the acting president or otherwise in control of Reld. As she further concedes, Reld has no board of directors, much less one controlled by Eldanaf. A shareholder derivative action, even presuming Griffin is a shareholder, would have adequately protected her interests.

{¶ 15} As a result, any claims Griffin has as a minority shareholder must be asserted in compliance with Civ.R. 23.1, which includes the requirement to verify the complaint and allege with particularity the efforts made to obtain the desired relief stymied by the controlling shareholders. *See, e.g., Hancock v. SLD Dev., Inc.,* 1982 Ohio App. LEXIS 11560, *6 (6th Dist. May 28, 1982). The amended complaint fails to satisfy the Civ.R. 23.1 requirements.[3]

{¶ 16} Based on the foregoing, the trial court correctly granted Eldanaf partial summary judgment upon all claims asserted by Griffin in her individual capacity. That judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[3] In light of that pleading deficiency, Griffin's argument pertaining to the Civ.R. 56(F) motion for discovery is moot. Discovery would not cure the defective pleading.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EMANUELLA D. GROVES, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)