[Cite as *Estate of Clemons v. Ocejo*, 2025-Ohio-2987.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

ESTATE OF MARY LIZZY CLEMONS, :

    Plaintiff-Appellee, :

     No. 114491

    v. :

MIGUEL ALEJANDRO OCEJO, ET AL., :

    Defendants-Appellees. :

[Appeal by Isaac Tom Monah, :
Interpleader-Appellant]

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** August 21, 2025

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-23-980719

---

### *Appearances:*

Michael Shaut & Associates, LPA, and Michael Shaut, for
*appellee* Estate of Mary Lizzy Clemons.

Isaac Monah Law Office, LPA, and Isaac Tom Monah, *for
appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1}   Isaac Tom Monah appeals the trial court's decision granting the Estate of Mary Lizzy Clemons's motion to dismiss his interpleader complaint. Monah lacks standing to pursue an appeal, and as a result, this appeal is dismissed.

{¶ 2}   This case arises from a motor vehicle accident that ultimately contributed to Mary Lizzy Clemons's death, which occurred after the complaint had been filed in the underlying proceeding.  After her death, the Summit County Probate Court appointed Cynthia Bell as executor of Clemons's estate.  Bell kept Shaut Monah Law LPA, a partnership between Monah and Michael Shaut, to maintain the ongoing action, and the estate was substituted as the plaintiff.  Bell eventually discharged Monah, who signed the original complaint for Shaut Monah Law, and Shaut took over as counsel.  Not long after discharging Monah, the estate settled all claims against the defendants.

{¶ 3}   Before the case was dismissed, Monah filed an interpleader complaint, asserting a claim for unjust enrichment and seeking "declaratory relief" regarding his claimed 75 percent share of the attorney fees under the doctrine of quantum meruit.  Monah failed to seek leave to intervene.  The trial court nonetheless granted the estate's motion to dismiss on procedural grounds under Civ.R. 12(B)(6), expressly concluding that Monah could prove no set of facts entitling him to relief based on the allegations presented and that the fee dispute could be addressed in another forum.

**{¶ 4}** Monah appealed that decision, claiming that the trial court erred because, if proven, the allegations in the complaint support a claim for quantum meruit and having another venue available to pursue his claims was not a basis to dismiss his complaint. We, however, cannot reach the merits of the questions presented. Monah lacks standing to appeal the decision of the trial court because it was neither one that granted nor denied him the right to intervene. *See State ex rel. Dispatch Printing Co. v. Columbus,* 1999 Ohio App. LEXIS 3557, *14 (10th Dist.).

**{¶ 5}** Under Civ.R. 24, a nonparty to the action may seek leave to intervene into another party's dispute. In order to properly intervene, however,

> [a] person . . . shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought.

Civ.R. 24(C). That rule is straightforward and mandatory to the proper invocation of a court's jurisdiction.

**{¶ 6}** Because Monah is not a party to this proceeding and was never denied leave to intervene, he lacks standing to appeal any decision by the trial court, whose jurisdiction over Monah was never properly invoked. As appellate courts have long held, "[m]erely appearing in an action and making a statement does not make one a party who can appeal." *State v. Wilhelm,* 2024-Ohio-5606, ¶ 19 (5th Dist.), quoting *In re Adoption of T.B.S.,* 2007-Ohio-3559, ¶ 7 (4th Dist.). Compliance with Civ.R. 24(C) is mandatory; simply "'[b]eing allowed to appear in an action and to submit a brief in the trial court likewise does not give a person a right to appeal.'"

*Id.*, quoting *In re Adoption of T.B.S.* "A non-party's failure to attempt intervention in the trial court necessarily results in an incapacity to appeal." *Id.*, citing *Januzzi v. Hickman*, 61 Ohio St.3d 40, 45 (1991).

{¶ 7} Standing to appeal is not a mere procedural issue that can be waived. *See Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 2012-Ohio-5017, ¶ 22 (Standing is a "jurisdictional requirement" necessary to invoking the jurisdiction of the court.). This is because "Article IV, Section 4(B) of the Ohio Constitution vests courts with jurisdiction 'over all justiciable matters,' which only exist 'if the complaining party has standing . . . .'" *ProgressOhio.org, Inc. v. JobsOhio*, 2014-Ohio-2382, ¶ 11, quoting *Schwartzwald* at ¶ 41; and *State ex rel. Jones v. Suster*, 1998-Ohio-275 ("Standing is a threshold question for the court to decide in order for it to adjudicate the action."). "'It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies'" when standing to invoke the jurisdiction of that court cannot be established. *Kincaid v. Erie Ins. Co.*, 2010-Ohio-6036, ¶ 9, quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970), and Ohio Const., art. IV, § 4(B).

{¶ 8} Standing to appeal the decision of the trial court must exist at the time the appeal is perfected. *Schwartzwald* at ¶ 24. And because standing is a jurisdictional requirement, it "'may be raised at any time during the pendency of the proceedings.'" *Ohioans for Concealed Carry, Inc. v. Columbus*, 2020-Ohio-6724, ¶ 42, quoting *New Boston Coke Corp. v. Tyler*, 32 Ohio St.3d 216 (1987), paragraph

two of the syllabus. Importantly for our purposes, because standing is a question of this court's jurisdiction over the case, appellate courts may raise the issue of their own accord. *Id.*, citing *State ex rel. Dallman v. Court of Common Pleas*, 35 Ohio St.2d 176, 178 (1973); *State ex rel. Bond v. Velotta Co.*, 91 Ohio St.3d 418, 419 (2001), citing *State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept.*, 82 Ohio St.3d 37, 40 (1998), and *Springfield Local School Dist. Bd. of Edn. v. Lucas Cty. Budget Comm.*, 71 Ohio St.3d 120, 121 (1994); *see also Cleveland v. 3006 Montclair Ave., LLC*, 2024-Ohio-1274, ¶ 17 (8th Dist.).

**{¶ 9}** In this case, Monah filed his interpleader complaint in an action to which he was not a party, and he was not granted, nor did he ever request, leave to intervene. "To have standing to appeal, a person must either have been a party to the case or have attempted to intervene as a party." *Lopez v. Veitran*, 2012-Ohio-1216, ¶ 10 (1st Dist.); *see also In re Guardianship of Sweeney*, 2016-Ohio-3260, ¶ 19 (8th Dist.). In addition, the trial court did not tacitly grant leave to intervene by permitting the parties to address the merits of the claims presented in the nonparty's complaint through years of litigation. *See, e.g., Reld v. Eldanaf*, 2025-Ohio-276, ¶ 4 (8th Dist.) (noting that although the nonparty filed an amended complaint, the trial court permitted the parties to proceed to the merits of the claims advanced in that amended complaint for several years without objection, tacitly granting the nonparty leave to intervene in the case). The trial court simply "dismissed" the claims on procedural grounds under Civ.R. 12(B)(6). Because Monah failed to seek

leave to intervene, he was neither granted nor denied the right to intervene, which is the threshold question necessary to invoking the jurisdiction of this court.

{¶ 10} As a result of failing to abide by the procedural requirements of Civ.R. 24, Monah is not a party to the underlying action. As a nonparty, he undoubtedly lacks standing to perfect an appeal in this case. *Veitran* at ¶ 10; *see also Geauga Savs. Bank v. Rickard*, 2014-Ohio-4737, ¶ 19 (string citing cases concluding that a nonparty lacks standing to file an appeal); *Caldwell v. Columbus Fair Auto Auction, Inc.*, 1999 Ohio App. LEXIS 3930, *10 (10th Dist.) (After affirming the denial of a motion to intervene, the panel concluded that dismissal of the nonparty's argument on the merits of its claim was warranted because of "the well-established legal principle that a nonparty lacks standing to bring an appeal from a judgment."). Because Monah cannot establish standing for the purposes of properly invoking the jurisdiction of this court, as a matter of law, we lack jurisdiction to review the merits of the arguments presented; *see McGinty v. Eighth Dist. Court of Appeals*, 2015-Ohio-937, ¶ 27. Accordingly, we must refrain from offering what otherwise would be an advisory opinion as to the merits of the questions presented. *Kincaid*, 2010-Ohio-6036, at ¶ 9.

{¶ 11} Accordingly, this appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., CONCURS;
ANITA LASTER MAYS, J., DISSENTS (WITH SEPARATE OPINION)


ANITA LASTER MAYS, J., DISSENTING:

{¶ 12} I respectfully dissent. While the majority would dismiss this appeal for lack of standing, I would affirm the trial court's judgment on the merits under Civ.R. 12(B)(6). The trial court ruled on substantive grounds, and this court retains jurisdiction to review that judgment.

{¶ 13} Attorney Isaac Tom Monah filed a complaint styled as an interpleader, asserting a charging lien and seeking declaratory relief to determine his entitlement to a portion of attorney fees under theories of quantum meruit and unjust enrichment. Appellee filed a 27-count cause of action, naming Monah a defendant on August 12, 2024. None of the parties objected or otherwise challenged the trial court's jurisdiction.

{¶ 14} Once the trial court entered judgment against Monah by granting appellee's Civ.R. 12(B)(6) motion to dismiss, he became an aggrieved party.

{¶ 15} Here, the court's dismissal under Civ.R. 12(B)(6) was a final appealable order adversely affecting Monah's rights. Thus, even without a formal Civ.R. 24 motion to intervene, Monah was entitled to appellate review of the dismissal. *See Reld v. Eldanaf*, 2025-Ohio-276 ¶ 4 (8th Dist.). An appeal can be exercised only by those parties who are able to demonstrate a present interest in the

subject matter of the litigation that has been prejudiced by the judgment of the lower court. *Willoughby Hills v. C. C. Bar's Sahara, Inc.*, 1992-Ohio-111.

{¶ 16} Although I agree that Monah's interpleader action was legally defective, I would affirm the trial court's dismissal on substantive grounds. Under Civ.R. 22, interpleader is a procedural device available only to a neutral stakeholder facing multiple claims to the same fund or obligation. The party initiating the action must have no interest in the subject matter. *See State v. United States Fid. & Guar. Co.*, 107 Ohio St. 9, 16 (1922); *Crawford Cty. Sheriff's Dept. v. Sears Roebuck & Co.*, 2004-Ohio-3898, ¶ 24 (3d Dist.); *Csohan v. United Benefit Life Ins. Co.*, 33 O.O.2d 36 (8th Dist. 1964). Monah, however, asserted a direct personal interest in potential settlement proceeds. As such, he was not a neutral stakeholder and failed to meet the threshold requirements for an interpleader action.

{¶ 17} Monah also filed a notice of charging lien and requested declaratory relief. A charging lien is an equitable mechanism by which an attorney may seek recovery for legal services rendered from funds recovered by the client. *See Reid v. Lansberry,* 68 Ohio St.3d 570, 573 (1994); *Fox & Assoc. Co., L.P.A. v. Purdon*, 44 Ohio St.3d 69, 72 (1989). However, asserting a lien does not confer party status unless it is accompanied by proper procedural action.

{¶ 18} Here, the estate's filing of claims against Monah, and the trial court's adverse judgment, which adversely affected his rights, satisfied that requirement. Accordingly, this court has jurisdiction to review that ruling.

**{¶ 19}** For these reasons, I would affirm the trial court's dismissal under Civ.R. 12(B)(6) and reject the majority's conclusion that this court lacks jurisdiction. Accordingly, I respectfully dissent.